379 So.2d 435 (1980)
Thomas C. GRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 79-712.
District Court of Appeal of Florida, Second District.
February 1, 1980.
*436 David A. Demers of Demers & Demers, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Thomas Gray appeals his judgment and sentence for robbery, having pled nolo contendere with reservation of his right to appeal the denial of his motions to suppress certain tangible evidence and his confession.
Appellate review of issues arising out of a plea of nolo contendere is allowable only if the issues raised are dispositive of the case. Brown v. State, 376 So.2d 382 (Fla. 1979), First Amendment Foundation of Florida, Inc. v. State, 364 So.2d 450 (Fla. 1978). As a matter of law, a confession may not be considered dispositive of the case for purposes of an Ashby[1] nolo plea. Brown v. State, supra. Thus appellant is not entitled to review of the denial of his motion to suppress his confession on this appeal.
On the record before us we seriously question whether the ruling on appellant's remaining motion to suppress tangible evidence is dispositive of this case. However, in an effort to be fair to both appellant and appellee, we have determined to leave the question up to the trial court. Pittman v. State, No. 79-642 (Fla.2d DCA Jan. 30, 1980).
Accordingly, we relinquish jurisdiction to the trial court for a period of thirty days with directions to hold a hearing to determine whether the ruling on the motion to suppress was dispositive of the case and advise this court of its conclusion. If the court concludes that the ruling was dispositive, the record should be supplemented to reflect this, and we will resume jurisdiction of this appeal.
If the trial court determines the motion not to have been dispositive of the case, this court shall be notified, and we will dismiss this appeal. However, in that event, the trial court shall allow appellant thirty days from the date of our mandate within which to file a motion to withdraw his plea. The court shall grant any such motion unless the state is able to establish prejudice as a result of the delay engendered by this appeal. See Pittman v. State, supra. Should appellant not be allowed to withdraw his plea, he may seek review of the order denying withdrawal by filing a new appeal in this court.
GRIMES, C.J., and BOARDMAN and RYDER, JJ., concur.
NOTES
[1] State v. Ashby, 245 So.2d 225 (Fla. 1971).