379 So.2d 1003 (1980)
Lawrence ARNOLD, Appellant,
v.
STATE of Florida, Appellee.
Nos. 79-755, 79-756.
District Court of Appeal of Florida, Second District.
February 6, 1980.
Jack O. Johnson, Public Defender, David A. Davis and Douglas A. Lockwood, Asst. Public Defenders, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The state charged Lawrence Arnold with armed robbery and burglary. Arnold pled nolo contendere reserving his right to appeal the trial court's denial of his motions to suppress his confessions.[1] The trial court accepted Arnold's plea, adjudicated him guilty of both charges and sentenced him to concurrent fifteen year sentences. This timely appeal ensued.
Citing the supreme court's recent opinion in Brown v. State, 376 So.2d 382 (Fla. 1979), the state argues that this court has no jurisdiction to entertain Arnold's appeal on the merits because his confessions could not have been dispositive as a matter of law. We agree.
Accordingly, we dismiss this appeal and direct the trial court to allow Arnold 30 days from the date of our mandate to file a motion to withdraw his plea and set aside the judgment and sentence under the procedure outlined in Pittman v. State, No. 79-642 (Fla.2d DCA 1980).
GRIMES, C.J., and SCHEB and DANAHY, JJ., concur.
NOTES
[1] Arnold also reserved the right to appeal the denial of his motions to suppress physical evidence seized in searches by the police. On appeal, however, he challenges only the denial of the motions to suppress his confessions. Hence, his contention concerning suppression of physical evidence is deemed abandoned. See Ungaro v. West Palm Beach Biltmore Apartments, Inc., 61 So.2d 642 (Fla. 1952).