381 So.2d 302 (1980)
Thomas C. GRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 79-712.
District Court of Appeal of Florida, Second District.
March 12, 1980.
*303 David A. Demers, of Demers & Demers, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
On this appeal Thomas C. Gray, having pled nolo contendere to the crime of robbery reserving his right to appeal, challenges the denial of his motions to suppress certain tangible evidence and his confession.
Appellate review of issues arising out of a plea of nolo contendere is allowable only if the issues raised are dispositive of the case, Brown v. State, 376 So.2d 382 (Fla. 1979); First Amendment Foundation of Florida, Inc. v. State, 364 So.2d 450 (Fla. 1978). We temporarily relinquished jurisdiction of the case to the trial court for a determination of whether the ruling on appellant's motion to suppress the tangible evidence was dispositive of the case. Gray v. State, 379 So.2d 435 (Fla.2d DCA 1980).[1]
This court has now been duly notified of the trial court's determination that its ruling on the motion to suppress tangible evidence standing alone is not dispositive of the case. Accordingly, on the authority of Brown v. State, supra, this appeal is dismissed. However, the trial court must allow appellant thirty days from the date of issuance of our mandate within which to withdraw his plea, Brown v. State, supra, and shall grant any such motion unless the state is able to establish prejudice as a result of the delay caused by this appeal. See Pittman v. State, 382 So.2d 1227 (Fla. 2d DCA 1980).
GRIMES, C.J., BOARDMAN and RYDER, JJ., concur.
NOTES
[1] As a matter of law, the ruling on appellant's motion to suppress his confession may not be considered dispositive of the case for the purpose of this appeal, as we stated in our prior opinion. Gray v. State, 379 So.2d 435 (Fla.2d DCA, Feb. 1, 1980); Brown v. State, 376 So.2d 382 (Fla. 1979).