382 So.2d 749 (1980)
Frank JACKSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. NN-168.
District Court of Appeal of Florida, First District.
March 28, 1980.
*750 Michael J. Minerva, Public Defender, and Margaret Good, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.

ORDER ON MOTION FOR REHEARING
PER CURIAM.
Appellant asserts in his motion for rehearing or clarification that this court evidently overlooked Brown v. State, 376 So.2d 382 (Fla. 1979), in which the Supreme Court of Florida ruled that a conditional nolo contendere plea (State v. Ashby, 245 So.2d 225 (Fla. 1971)), is permissible only if the legal issue to be appealed is dispositive of the case, and that "as a matter of law a confession may not be considered dispositive of the case" (Brown, at 385) for purposes of an Ashby nolo plea.
The record presented to this court reveals a stipulation filed in the trial court in which both the State and the defense agreed that the State could not proceed with the prosecution of this case without the benefit of the confession as evidence. This court did not overlook Brown v. State, supra, but did consider it, and determined that the "dispositive effect" of a confession, as a matter of law, must be viewed in accordance with that decision. However, we do not consider that decision as precluding a stipulation, by the State and the defendant, such as we have in the record here, in which both sides agree that the State has no case and would be unable to proceed with the prosecution without the confession. Under these circumstances we concluded that the ruling on the admissibility of a confession would be "dispositive of the appeal". Having so considered it, we reviewed the appeal on the merits, and affirmed the ruling of the trial court.
Accordingly, the motion for rehearing and motion for rehearing en banc are denied.
ROBERT P. SMITH, Jr., LARRY G. SMITH and WENTWORTH, JJ., concur.