SCHEB, Judge.
Robert Kjersgaard pled nolo contendere to charges of kidnapping and involuntary sexual battery reserving the right to appeal denial of his motion to suppress tangible evidence. He now challenges the denial of his motion as well as the sentences imposed.
On the record before us, we find that the trial court’s ruling on the motion to suppress tangible evidence was not disposi-tive of the case. Accordingly, on the authority of Brown v. State, 376 So.2d 382 (Fla.1979), we do not consider the merits of that ruling. Since Kjersgaard entered his plea prior to Brown, however, we direct the trial- court to allow Kjersgaard thirty days from the date of our mandate to move to withdraw his plea. The court shall grant any such motion unless the state establishes that the withdrawal will prejudice its case against Kjersgaard. Pittman v. State, 382 So.2d 1227 (Fla. 2d DCA 1980).
Kjersgaard also challenges his sentences. We find no merit in his contentions that he can be sentenced for only one crime and that the trial court erred in failing to certify him as a mentally disordered sex offender.
Accordingly, we dismiss Kjersgaard’s appeal insofar as it challenges the denial of his motion to suppress, and affirm the sem tences imposed by the trial court, subject to Kjersgaard’s right to move to withdraw his plea.
GRIMES, C. J., and HOBSON, J., concur.