385 So.2d 738 (1980)
James D. HARDISON, Appellant,
v.
STATE of Florida, Appellee.
No. 80-158.
District Court of Appeal of Florida, Second District.
July 9, 1980.
Jack O. Johnson, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
James D. Hardison appeals from the judgment entered upon his nolo contendere plea to manslaughter. The appellant contends the trial court erred in denying his motion to suppress certain statements and the results of a blood alcohol test.
We are unable to determine the appellant's appeal on the merits. Under Brown v. State, 376 So.2d 382 (Fla. 1979), only legally dispositive issues may be reserved for appeal following a nolo contendere plea. We find that the appellant did not reserve a legally dispositive issue, and therefore is not entitled to an appeal.
*739 The appellant's plea was entered after the Brown decision. While we have remanded cases involving pre-Brown pleas with instructions that the appellant be afforded an opportunity to seek to withdraw his plea, see Pittman v. State, 382 So.2d 1227 (Fla.2d DCA 1980), denying rehearing, such an order is not appropriate to post-Brown pleas. The opportunity to withdraw was predicated in pre-Brown pleas upon the notion that it would be unfair to punish a defendant for his reliance on pre-Brown cases. However, after the rendition of the Brown decision a defendant can no longer justifiably claim that he was not aware that an issue reserved for appeal following a plea of nolo contendere must be dispositive.
Accordingly, the appeal is dismissed and the appellant need not be afforded an opportunity to withdraw his plea.
SCHEB, C.J., and CAMPBELL, J., concur.