399 So.2d 110 (1981)
Grover Cleveland ALEXANDER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. UU-381.
District Court of Appeal of Florida, First District.
June 1, 1981.
Michael Allen, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Carolyn Snurkowski, Asst. Atty. Gen., for appellee.
PER CURIAM.
The record supports the trial court's ruling that appellant's confession was voluntary. The confession issue was legally preserved for review because the prosecutor and defense counsel stipulated before entry of appellant's nolo contendere plea that the ruling on the voluntariness of the confession was dispositive of the case. Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980). Upon entry of his nolo contendere plea, appellant also reserved the right to appeal the trial court's denial of his motion to suppress evidence seized during a warrantless search of the trunk of his car. However, the record contains no indication, in the form of stipulation or otherwise, that the ruling on that motion was dispositive of the case. Therefore, pursuant to Brown v. State, 376 So.2d 382 (Fla. 1979), that issue has not been properly preserved for review. Since appellant's plea was entered after finality of the Brown decision, he is not entitled to withdraw his plea even though he is unable to seek the full appellate review upon which his plea was conditioned. Hardison v. State, 385 So.2d 738 (Fla. 2d DCA 1980).
AFFIRMED.
McCORD, BOOTH and SHIVERS, JJ., concur.