PER CURIAM.
This is an appeal from a judgment entered pursuant to a plea of nolo contendere adjudicating appellant guilty of kidnapping and sentencing him to life imprisonment. On appeal appellant asserts that the trial court erred in denying his motions to suppress and discharge. Appellant further asserts that, should we find no error in the trial court’s denial of the motion to discharge, we must nevertheless remand and allow him the opportunity to withdraw his plea.
Appellant entered his plea of nolo conten-dere shortly after the Supreme Court’s decision in Brown v. State, 376 So.2d 382 (Fla.1979), which held that a defendant could not, absent circumstances not present here, reserve the right to appeal an order denying a motion to suppress a confession upon a plea of nolo contendere. The Brown decision was not discussed at the time appellant changed his plea and the transcript of the hearing reflects that everyone was proceeding on the basis that the defendant could reserve the right to appeal the denial of the motion to suppress his confession. Indeed, the trial court specifically advised the appellant that he was giving up the right to appeal all matters except the denial of his motion to suppress and motion for discharge. Since appellant’s plea was predicated on the assurance to him that he could appeal both issues, we do not believe it would be appropriate to rule on the discharge issue until appellant has had an opportunity to withdraw his plea based upon the invalidity of the agreement reserving his right to appeal the suppression issue.
Accordingly, this cause is hereby remanded to the trial court for the purpose of allowing the appellant to elect whether or not to withdraw his plea and have all of the charges filed against him reinstated, or to maintain his plea and proceed on appeal solely on the issue of his entitlement to discharge under the speedy trial rule.
LETTS, C. J., and ANSTEAD and HERSEY, JJ., concur.