420 So.2d 341 (1982)
Tim FURR, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-2203.
District Court of Appeal of Florida, Third District.
October 5, 1982.
Bennett Brummer, Public Defender and Michael Zelman, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
PER CURIAM.
Affirmed. Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982) (en banc); Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980), aff'd, 392 So.2d 1324 (Fla. 1981); United States v. Dionisio, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973); United States v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980).
BASKIN, Judge (dissenting).
Brown v. State, 376 So.2d 382 (Fla. 1979) authorizes this court to review dispositive issues reserved upon the entry of pleas of nolo contendere. Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980), aff'd, 392 So.2d 1324 (Fla. 1981), cited by the majority opinion, recognizes that some issues may be dispositive upon stipulation by the parties. In the case before us, however, neither of the two reserved issues is dispositive; the state indicated it could proceed if either ruling were reversed. Thus, under Jackson v. State and Brown v. State, this court must remand the cause and permit defendant Furr to withdraw his plea, as I indicated in Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982) (en banc) (Baskin, J., dissenting).