ROBERT P. SMITH, Jr., Chief Judge.
Bibby pleaded nolo contendere to possession of more than 20 grams of marijuana, reserving by agreement with the prosecutor and the court his right to complain on appeal that his motion to suppress the marijuana as evidence should have been granted. We have no choice but to reverse Bib-by’s conviction and discharge him. The State clearly agreed that the suppression issue is dispositive. Brown v. State, 376 So.2d 382 (Fla.1979). In this case that means that the state could not convict Bib-by without introducing as evidence the contraband seized from Bibby incident to his arrest. See G.E.G. v. State, 417 So.2d 975 (Fla.1982). Bibby was arrested in his home by officers who entered without warrant or consent upon a signal[1] that the incognito *971 officer within the home had made the sale that put Bibby in possession of the marijuana then to be seized. The State stipulated that no exigent circumstances required the arresting officers to enter, so we cannot speculate upon their possible need to protect the incognito officer or reinforce him in an arrest that he hypothetically might have made. Thus the state has stipulated to all facts necessary for a reversal, Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), and we must oblige. The conviction is REVERSED.
McCORD and MILLS, JJ., concur.

. We do not reach the question of whether by this signal the police unlawfully intercepted, by means of a body bug, a conversation within the house in which Bibby had a constitutionally *971 recognized expectation of privacy. State v. Sarmiento, 397 So.2d 643 (Fla.1981).