424 So.2d 85 (1982)
Michael R. PUCCIO, Appellant,
v.
STATE of Florida, Appellee.
No. AJ-264.
District Court of Appeal of Florida, First District.
December 15, 1982.
*86 John W. Pafford, Sr., Jacksonville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.

ON PETITION FOR REHEARING
ROBERT P. SMITH, Jr., Chief Judge.
Our decision announced October 29, 1982, was in error in setting aside Puccio's judgment of conviction and his nolo contendere plea, which was conditionally offered, reserving the right to appeal the matters addressed by the opinion. Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980), aff'd, 392 So.2d 1324 (Fla. 1981), and Alexander v. State, 399 So.2d 110 (Fla. 1st DCA 1981), make clear that an appeal such as this must be supported by the State's stipulation that the confession evidence Puccio sought to have suppressed is and was dispositive of the case, which is to say "the State has no case and would be unable to proceed with the prosecution without the confession." Jackson, supra, 382 So.2d at 750. Here there is no such stipulation by the State, and the sentencing judge, having no knowledge of the matter except as he was informed by the parties, cannot be held to have declared the subject evidence "dispositive" simply by accepting the representation of Puccio's counsel. The case is therefore governed by Brown v. State, 376 So.2d 382 (Fla. 1979), and the suppression issue was not properly reserved for appeal. Because Puccio's plea and appeal came some time after Brown was decided, Puccio is not entitled either to appeal the issue or to withdraw his plea.
The State's motion for rehearing is GRANTED and the judgment of conviction is AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.