429 So.2d 318 (1982)
Ernest TURNER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. AL-173.
District Court of Appeal of Florida, First District.
December 22, 1982.
On Rehearing March 31, 1983.
Michael E. Allen, Public Defender and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
*319 Jim Smith, Atty. Gen. and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
This appeal is taken from a judgment and sentence of second degree murder entered in response to appellant's nolo contendere plea, reserving the right to appeal the allegedly dispositive issue of the denial of his motion to suppress a prior out-of-court confession. Because appellant confessed in court to his crime, the denial of the motion to suppress is not dispositive to the validity of his conviction; therefore, no basis for reversal has been presented. We affirm the judgment and sentence of the lower court.
Appellant was charged with first degree murder, stemming from a murder and robbery at a gas station in Perry, Florida. Prior to trial, appellant moved to suppress a confession made on July 10, 1981 after a polygraph examination. Appellant was advised that he had been deceitful in answering one of the polygraph examiner's questions. Thereafter, he confessed, stating that he had acted as a lookout for a gang of youths that had committed the murder; that he was located across the street from the gas station at the time of the murder, but that he did not see the actual shooting. Appellant argued that the confession was improperly obtained by law enforcement officers, because he had not been properly advised of his Miranda rights. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, reh. denied sub nom., California v. Stewart, 385 U.S. 890, 87 S.Ct. 11, 17 L.Ed.2d 121 (1966).
At the suppression hearing, evidence of other investigation sessions was presented, including one session that occurred on July 28th, revealing that appellant admitted, contrary to his earlier statement that he had been acting as a lookout, that he had in fact been behind the gas station with the gang and had witnessed the shooting. Appellant testified in his behalf at the hearing and was asked whether the statement made on July 28th was true. Appellant replied that it was false; that he was really across the street from the gas station at the time of the murder. Later in the hearing, appellant recanted the foregoing statements, and reaffirmed that the statement made on July 28th was true, thereby effectively confessing his guilt.
The motion to suppress was denied. Appellant, his attorney and the state executed a plea offer in which appellant entered a plea of nolo contendere to second degree murder conditioned upon his right to appeal the denial of the motion to suppress. The plea offer recites that the parties regard the suppression denial as the dispositive issue in this case. Thereafter, the plea offer was accepted by the lower court.
In a case in which a defendant enters a plea of nolo contendere, an appeal may only raise an issue which is dispositive to the validity of the conviction. Brown v. State, 376 So.2d 382 (Fla. 1979); Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980), aff'd., 392 So.2d 1324 (Fla. 1981); see also Puccio v. State, 424 So.2d 85 (Fla. 1st DCA 1982). Further, as a rule of law, issues relating to the suppression of a confession are not dispositive, unless the parties have stipulated that the issue is dispositive. Puccio, at 86 (on rehearing); Jackson, at 750; Alexander v. State, 399 So.2d 110 (Fla. 1st DCA 1981). However, regardless of the stipulation, if this court determines that the issue raised on appeal is not dispositive, we will not consider the merits of the lower court's alleged erroneous ruling. Cf. Kjersgaard v. State, 383 So.2d 763, 764 (Fla. 2d DCA 1980).
In the case at bar, appellant's testimony that his statement of July 28th was factually correct amounted to no less than an in-court confession. The denial of the motion to suppress his prior out-of-court confessions was therefore not dispositive, and his appeal was improperly taken. Brown v. State, at 385. "Since appellant's plea was entered after finality of the Brown decision, he is not entitled to withdraw his plea even though he is unable to seek the full appellate review upon which his plea was conditioned." *320 Alexander v. State, 399 So.2d at 110, citing, Hardison v. State, 385 So.2d 738 (Fla. 2d DCA 1980).
In refusing to allow appellant an opportunity to withdraw his plea, we acknowledge that our opinion appears to conflict with Coleman v. State, 417 So.2d 690, 691 (Fla. 4th DCA 1982), which the Fourth District Court of Appeal expressly acknowledged conflicted with Hardison. As such, Coleman implicitly conflicts with our opinion in Alexander. Although the factual scenario in Coleman is distinguishable from Hardison and Alexander, we too acknowledge the apparent conflict.
AFFIRMED.
LARRY G. SMITH and SHIVERS, JJ., concur.

ON MOTION FOR REHEARING
ERVIN, Judge.
In our former opinion, filed December 22, 1982, we did not bottom our affirmance upon the specific issue raised: Whether the lower court erred in denying appellant's motion to suppress certain out of court confessions. Instead, we held that because appellant had made an inculpatory admission during the hearing on his motion to suppress out-of-court confessions, the denial of the motion to suppress was not dispositive to the validity of his conviction; therefore no basis for reversal had been demonstrated. By doing so, our opinion may have implicitly suggested that the lower court's order denying the motion to suppress was incorrectly decided. It was not.
Appellant's motion for rehearing contends that we are obliged to honor the parties' stipulation agreeing that the lower court's ruling was dispositive of all issues, and, accordingly, we may not address issues which were not included within the scope of the stipulation. Appellant relies upon two opinions from this court, Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980), aff'd., 392 So.2d 1324 (Fla. 1981), and Bibby v. State, 423 So.2d 970 (Fla. 1st DCA 1982), as supportive of his position. Although those cases do not concern the issue of whether such a stipulation should be binding upon an appellate court if it finds an independent basis for affirming the judgment imposed, we see no need to explore that area because we find the trial court's order of suppression was without error. We therefore recede from our opinion of December 22, 1982, insofar as it affirmed the judgment on the ground only that appellant had made an in-court confession during the suppression hearing. By doing so, we do not address any question of whether or not a stipulation entered into between the state and defense should be honored on appeal in those instances in which the record reveals a basis for affirmance not incorporated within the stipulation. We agree with the lower court that two of the confessions taken from the defendant, the first on July 10, 1981 in Perry, and the second on July 28, 1981 were admissible.[1]
As reflected in our former opinion, appellant was not first Mirandized before being given a polygraph examination in Tallahassee on July 10, 1981. Present at that examination was the defendant's mother, who signed a form consenting for him to take the examination. Following defendant's negative response to the examiner's question as to whether he had been present at the time the victim was shot, the examiner advised the defendant that the test indicated that the defendant's answer had been somewhat deceptive. Defendant became upset, was then Mirandized, and upon advising the examiner that he understood his rights, admitted his involvement in the murder by being posted as a lookout, but denied actually witnessing the murder. That same day he was taken to Perry from *321 Tallahassee for the purpose of preparing a full statement, was again advised of his rights, signed a waiver of rights form, and gave a recorded confession, stating the same facts as earlier given.
The defendant was returned to a detention center in Tallahassee, and on July 28, 1982 was again picked up by FDLE agents and driven to Perry. During the drive, the defendant volunteered the statement that he wished to clear up certain matters mentioned in his prior confession. In Perry, at the courthouse, another waiver of rights form was executed; defendant again acknowledged that he understood his rights, and, contrary to his former statement, informed the officers that he had in fact witnessed the murder which was committed by another person.
We agree that any incriminating statement, made by the defendant during the polygraph examination without Mirandizement, would have been inadmissible since he was then in custody on another offense.[2] The law is clear that even though the offense for which a defendant is restrained is different from that for which he is interrogated, he must nevertheless, before questioning, be given his Miranda rights. See Young v. State, 234 So.2d 341 (Fla. 1970), relying on Mathis v. United States, 391 U.S. 1, 4, 88 S.Ct. 1503, 1504, 20 L.Ed.2d 381 (1968).
Nevertheless, it appears from our examination of the transcription of the judge's order orally denying the motion to suppress that his denial did not encompass any admissions made during the taking of the polygraph examination, since there was no stipulation agreeing that any such statements should be admitted. Therefore, we do not view the judge's order as permitting the admission of incriminating evidence given during the examination.
It is, however, questionable whether the first incriminating statement taken immediately following the polygraph examination should have been admitted. The defendant was at that time in an emotional state, caused by the examiner's comments to him that some of his answers appeared to be untruthful. Such a state may preclude a knowing and voluntary waiver of one's Fifth Amendment rights. Breedlove v. State, 364 So.2d 495 (Fla. 4th DCA 1978). Yet, notwithstanding any taint attributable to the admission of the incriminating statements first made, we consider such error as harmless only, because the later two out-of-court admissions were in our judgment so sufficiently removed from the former as to be free from any further improper influences.
If the mind of the defendant was overcome by emotional distress when he gave his first confession, this condition was not shown to exist later in the day when he made his second inculpatory admission in Perry. At that time he was fully advised of his rights and executed a form acknowledging this fact. The rule is well established that a proper warning will cure a prior failure to so warn. State v. Holt, 354 So.2d 888, 890 (Fla. 4th DCA 1978). Accord, State v. Presley, 389 So.2d 216 (Fla. 5th DCA 1980). Accordingly, we consider this case to be governed by the State v. Holt rule, once it is shown that a proper warning was given to the defendant before a statement was elicited, and that his will was not overborne by emotional agitation. This rule is all the more applicable to the admission made on July 28, 18 days following the administering of the polygraph examination; a statement initiated by the defendant without prior questioning by the officers.
AFFIRMED.
LARRY G. SMITH and SHIVERS, JJ., concur.
NOTES
[1] The motion to suppress sought the suppression of four specifically identified statements as well as "[a]ll other incriminating statements made by the Defendant in response to interrogation... ." One of the statements identified in the motion was not incriminating, while the other three were. As discussed infra, only the first statement given on July 10, 1981 was arguably inadmissible. Moreover, the judge's order of suppression did not relate to any statement of an inculpatory nature actually made during the examination.
[2] Turner had been taken into custody three days before the taking of the polygraph examination because he had violated his furlough or parole from the boy's school where he had previously been detained.