429 So.2d 434 (1983)
David Ray LEISURE, Appellant,
v.
STATE of Florida, Appellee.
No. AM-240.
District Court of Appeal of Florida, First District.
April 5, 1983.
*435 Neal R. Lewis, and Richard Hersch, Miami, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
SHIVERS, Judge.
This is an appeal from a judgment entered pursuant to a plea of nolo contendere adjudicating appellant guilty of one count of burglary and one count of grand theft. On appeal, appellant asserts that the trial court erred in denying his motion to suppress certain tangible evidence which was seized by the police.
It is well established that a defendant may not plead nolo contendere and specifically reserve his right to appeal unless the legal issue reserved is dispositive of the case. Brown v. State, 376 So.2d 382 (Fla. 1979). Moreover, as a matter of law, a defendant may not reserve an issue involving the trial court's failure to suppress a confession absent a stipulation by the State that the issue is dispositive of the case. Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980). The reservation of an issue involving the suppression of tangible evidence, however, is another matter. Such an *436 issue is not, as a matter of law, nondispositive, and it is unnecessary for a defendant to obtain a stipulation of dispositiveness from the State in order to preserve the issue for appellate review. In these and other cases where the issue reserved does not involve a confession, the trial judge has wide discretion to accept or reject a conditional nolo plea based on his perception of the dispositive nature vel non of the legal issue reserved for appeal. Moreover, his decision will be overturned only upon a showing of a clear abuse of discretion. Brown, supra.
In this case, although the trial court exercised its discretion by accepting appellant's conditional nolo plea, it failed to make an express finding on the question of whether the issue reserved on appeal was dispositive of the case. When appellant pled nolo contendere reserving his right to appeal the denial of the motion to suppress, the trial court noted on the record that the State had not stipulated to the dispositiveness of the issue reserved on appeal, and then proceeded to accept appellant's nolo plea without making an express finding as to whether the issue was dispositive of the case. Since the record contains no express finding or stipulation as to the dispositiveness of the motion to suppress, the State contends that this court is without jurisdiction to consider the suppression issue because appellant failed to properly preserve it for appeal. We cannot agree.
Although it is unclear whether the trial judge actually believed that the motion to suppress was a dispositive issue in this case, it is clear that the trial court gave appellant the impression that by entering a nolo plea he was not waiving his right to appeal the suppression issue. This is evidenced by the fact that, before accepting the nolo plea, the trial court specifically advised appellant that:
By entering this plea, you are waiving all of these constitutional rights as well as your right to appeal all matters touching on the judgment of your guilt or innocence. However, you have reserved the right by entering this nolo contendere plea, you have reserved the right to appeal the court's ruling on your motion to suppress.
From this fact, we must conclude that appellant's conditional nolo plea was predicated on the trial court's instruction to him that by entering this plea he was not waiving the right to appeal the suppression issue. Under these circumstances, we believe that a finding of dispositiveness is implied from the record, and therefore, we do not hold that appellant has waived his right to appeal the ruling on the motion to suppress merely because the trial court failed to expressly find that the issue was dispositive.
Based on the record before us, we are unable to determine whether the ruling on the motion to suppress is in fact dispositive of this case. The record reveals that appellant admitted to another witness his participation in the crimes in question and that he also displayed to that person some stolen property which was taken during those crimes. Although this evidence causes us to seriously question whether the ruling on appellant's motion to suppress is dispositive of this case, we are unable to conclusively find the issue nondispositive because the record is devoid of any evidence to indicate whether this evidence would have been available to the State for presentation at trial. On that basis, in an effort to be fair to both appellant and the State, we have determined to leave the question up to the trial court.
Accordingly, we relinquish jurisdiction to the trial court for a period of 30 days with directions to hold a hearing to determine whether the ruling on the motion to suppress is dispositive of the case and advise this court of its conclusion. If the court concludes that the ruling is dispositive, the record should be supplemented to reflect this, and we will resume jurisdiction of this appeal. In addition, the trial court should conduct an evidentiary hearing and rule on the question of whether appellant had a reasonable expectation of privacy in the apartment where the evidence, which is the object of the motion to suppress, was seized. We reject the State's contention *437 that the denial of appellant's motion to suppress should be affirmed because appellant failed to demonstrate before the trial court, that he had a reasonable expectation of privacy in the area that was searched. The record reveals that the State did not raise the standing issue as a defense to the motion to suppress until after the court had already ruled on the motion. Under these circumstances, appellant was under no burden to establish his standing to challenge the lawfulness of the search, and remand is necessary in order to develop a complete record on the issue. See Morales v. State, 407 So.2d 321 (Fla. 3d DCA 1981).
If the trial court determines the motion was not dispositive of the case, this court shall be notified, and we will dismiss this appeal. In that event, however, the trial court shall allow appellant 30 days from the date of our mandate within which to file a motion to withdraw his plea. That motion should be granted unless the State can show that by reason of events occurring since the entry of the plea, it has been prejudiced in now being able to prove its case. Pittman v. State, 382 So.2d 1227 (Fla. 2d DCA 1979); see also Gainey v. State, 386 So.2d 904 (Fla. 4th DCA 1980), and Gray v. State, 379 So.2d 435 (Fla. 2d DCA 1980).
Finally, we note that our holding in this case does not conflict with our previous decisions in Alexander v. State, 399 So.2d 110 (Fla. 1st DCA 1981), Puccio v. State, 424 So.2d 85 (Fla. 1st DCA 1982) (on petition for rehearing), or Turner v. State, 409 So.2d 253 (Fla. 1st DCA 1982). The Turner and Puccio cases are distinguishable from this case based on the fact that the issue reserved for appeal in those cases involved the suppression of a confession, an issue which, unlike the suppression of tangible evidence, the Florida Supreme Court has held to be nondispositive as a matter of law. Although the issue on appeal in Alexander, as here, did involve the suppression of tangible evidence, that case is also distinguishable from the instant case. In Alexander, unlike here, the record contained no indication that the suppression issue was dispositive.
To avoid any future uncertainty as to whether a defendant has, in fact, properly preserved his right to appeal an issue following the entry of a conditional nolo plea, we suggest the following procedure. When a defendant seeks to reserve on appeal an issue involving the suppression of a confession, the trial court should advise the defendant that, absent a stipulation of dispositiveness from the State, he cannot reserve the right to appeal the suppression of the confession based on a conditional nolo plea. If the State declines to stipulate to the dispositiveness of the confession issue, the trial court should not accept the defendant's nolo plea unless it determines that the defendant understands that by entering the nolo plea he is waiving his right to appeal. If the issue sought to be reserved on appeal does not involve the suppression of a confession, the defendant will always have some burden of demonstrating that the issue is dispositive. If the State believes that the issue is not dispositive, it should explain to the court the additional evidence upon which the defendant might be convicted. At this point, the court should make an express determination of whether the issue is dispositive of the case. If the court decides that the issue is not dispositive, it should not accept a nolo plea unless the nolo plea is specifically entered without reservation of the right of appeal and the trial court is satisfied that the defendant understands that by entering the nolo plea he is waiving his right to appeal.
REVERSED and REMANDED.
WENTWORTH and JOANOS, JJ., concur.