DANIEL S. PEARSON, Judge.
Gomez and Molina, defendants below, appeal from the summary denial of their Rule 3.850 motion to vacate their convictions and sentences for possession of marijuana entered upon their pleas of nolo contendere. We affirm.
The defendants urged two grounds for relief in their motion to vacate. First, they *207 alleged that their agreement to enter nolo contendere pleas, being based in part on the State’s stipulation that the trial court’s ruling on the defendants’ motion to dismiss the information was dispositive of the case, was frustrated when this court on appeal of that ruling held “the motion to dismiss the information for lack of jurisdiction over the offense was properly denied by the trial court because the ground urged in support thereof could only be urged on a sworn motion to dismiss under Fla.R.Crim.P. 3.190(c)(4) or on a motion for judgment of acquittal at trial.”[1] See Gomez v. State, 402 So.2d 1239, 1240 (Fla. 3d DCA 1981). Second, they alternatively alleged that their trial counsel, “by entering into a plea agreement calling for an appeal of an unappealable issue, rendered ineffective legal representation.”
There is clearly no defect in the plea bargain which would warrant relieving the defendants of the consequences of their pleas. This is not a situation where a defendant has been misled into believing a ruling was dispositive only to have an appellate court find that it was not, and that, therefore, it was without jurisdiction over the appeal. See, e.g., Carr v. State, 421 So.2d 1098 (Fla. 4th DCA 1982); Coleman v. State, 417 So.2d 690 (Fla. 4th DCA 1982); Kjersgaard v. State, 383 So.2d 763 (Fla. 2d DCA 1980); Gray v. State, 381 So.2d 302 (Fla. 2d DCA 1980); Arnold v. State, 379 So.2d 1003 (Fla. 2d DCA 1980). Instead, as should be obvious, implicit in our earlier affirmance of the trial court’s denial of the defendants’ motion to dismiss on the ground that the motion was unsworn is that the trial court’s ruling was properly before us and appealable. Thus, the plea bargain which assured the defendants the appeala-bility of the ruling on the motion to dismiss was completely fulfilled. There was no bargain, nor could there be one, that the appellate court would reach the merits of the defendants’ motion to dismiss rather than, as we did, rule that it was procedurally defective. Parties can agree that an issue is dispositive of the case and thus reviewable on appeal, see Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982); they cannot agree, nor did they here, on the manner in which the appellate court will resolve that issue.
The foregoing discussion also answers the defendants’ corollary claim that their counsel was ineffective “by entering into a plea agreement calling for an appeal of an unap-pealable issue.” Since, as we have said, the issue was appealable, counsel was clearly not ineffective by so advising his clients.
The claim of ineffectiveness, if it lies at all, must be based on counsel’s failure to meet the requirements of Florida Rule of Criminal Procedure 3.190(c)(4) by seeing to it that the motion to dismiss, which raised factual matters extrinsic to the information, was sworn. See n. 1 supra. But even that claim (which we discuss because the Rule 3.850 motion, albeit indirectly, does allude to it) was correctly rejected by the trial court.
The record upon which the trial court relied in denying the defendants’ Rule 3.850 motion without an evidentiary hearing included a transcript of the earlier evi-dentiary hearing held on the defendants’ motion to dismiss. At that hearing, testimony was adduced from a Florida Marine Patrol Officer which, if believed, showed that the defendants were stopped and arrested within the jurisdictional limits of Monroe County, that is, less than three miles offshore. Since the defendants here contend, correctly, we think, that the trial court denied their motion to dismiss on the merits and not because it was procedurally defective because unsworn,[2] the trial court *208 necessarily found that the offense was committed within the jurisdictional limits of Monroe County. This finding is amply supported by competent evidence and, in the present context of the defendants’ Rule 3.850 motion, definitively shows that the defendants have failed to demonstrate prejudice arising from the alleged ineffectiveness of their counsel, even if trial counsel’s failure to have the motion to dismiss sworn to in compliance with Rule 3.190(c)(4) fell below accepted standards of competence. See Knight v. State, 394 So.2d 997 (Fla.1981).
Affirmed.

. The defendants’ motion to dismiss was bottomed on their contention that they were found in possession of marijuana and the offense therefor was committed outside the three-mile limit. Since this alleged fact did not appear on the face of the information, a sworn motion was required.

. They make this contention in an effort to demonstrate that, therefore, this court should have reached the merits of the motion in Go *208 mez v. State, 402 So.2d 1239, and that our failure to do so should vitiate the nolo conten-dere pleas. As we have already said, this argument is unsound.