COBB, Chief Judge.
The first issue we must consider on this appeal is whether or not the minor defendant, D.K.G., has properly reserved for appeal a legally dispositive issue following a nolo contendere plea. See Brown v. State, 376 So.2d 382 (Fla.1979). Under the rule as set forth in Brown, the trial judge has wide discretion to accept or reject an Ashby[1] nolo plea based upon his perception of the dispositive nature vel non of the legal issue reserved for appeal.
In the instant case, there was no stipulation or express finding by the trial court that the suppression ruling which D.K.G. seeks to appeal would be dispositive of the case. See Alexander v. State, 399 So.2d 110 (Fla. 1st DCA 1981); Snell v. State, 388 So.2d 1353 (Fla. 5th DCA 1980); Hardison v. State, 385 So.2d 738 (Fla. 2d DCA 1980). It is therefore contended by the state that we should dismiss this appeal on that basis. See Robinson v. State, 373 So.2d 898 (Fla.1979). The transcript of the plea taken on January 25, 1984, shows that at time of trial, the attorney for D.K.G. apprised the trial court that the defendant child was ready to enter a plea, and then said:
Your Honor, at this time in light of the motion, the child wishes to enter a plea of no contest and we would request for the record to reserve his right to appeal your ruling on the motion.
The motion referred to in the above statement was a motion to suppress evidence acquired during an investigatory stop of the child, which was heard and denied by the trial court immediately prior to the proffered plea. The court responded to the proffer by saying, “All right,” and the court then proceeded to establish the voluntariness of the plea. The state made no comment in response to defense counsel’s request to reserve the right to appeal the trial court’s ruling on the motion to suppress. Nothing explicit was said by the defense, the state, or the court about the dispositive nature of the ruling on the suppression motion.
In Leisure v. State, 429 So.2d 434 (Fla. 1st DCA 1983), review denied, 449 So.2d 264 (Fla.1984), the defendant sought to ap *551 peal the trial court’s denial of his motion to suppress certain tangible evidence seized by the police following a plea of nolo con-tendere. The trial court accepted the plea but failed to make an express finding on the question of whether the issue reserved on appeal was dispositive of the case. There was no stipulation by the state as to the dispositiveness of the motion. The state argued that the appellate court was without jurisdiction.
The First District, in an opinion by Judge Shivers, noted that the trial court, before accepting the nolo plea, specifically advised the appellant that by entering the nolo plea he was reserving the right to appeal the ruling on the motion to suppress. On this basis, the appellate court determined that the plea was induced by the trial court’s instruction to the defendant and that a finding of dispositiveness was implied from the record. Based upon the record before it, the court could not determine whether the suppression ruling was dispositive and, therefore, relinquished jurisdiction to allow the trial court to decide that issue.
In the case before us, unlike Leisure, there is no indication that the trial court induced the plea by instruction to the defendant. Clearly, there was no stipulation by the state or finding by the court in regard to dispositiveness. Therefore, we are without jurisdiction and must dismiss this appeal pursuant to Brown, Ashby, Alexander, Snell and Hardison.
For future guidance to trial courts in cases involving conditional nolo pleas seeking to preserve a right to appeal, wherein a confession is not at issue, we endorse the procedure recommended by Judge Shivers in the Leisure opinion:
If the issue sought to be reserved on appeal does not involve the suppression of a confession, the defendant will always have some burden of demonstrating that the issue is dispositive. If the State believes that the issue is not dis-positive, it should explain to the court the additional evidence upon which the defendant might be convicted. At this point, the court should make an express determination of whether the issue is dispositive of the case. If the court decides that the issue is not dispositive, it should not accept a nolo plea unless the nolo plea is specifically entered without reservation of the right of appeal and the trial court is satisfied that the defendant understands that by entering the nolo plea he is waiving his right to appeal.
429 So.2d at 437.
DISMISSED.
DAUKSCH and SHARP, JJ., concur.

. State V. Ashby, 245 So.2d 225 (Fla.1971).