PER CURIAM.
The defendant pleaded nolo contendere to a violation of probation charge. He was adjudicated guilty of two counts of burglary and one count of grand theft. He was sentenced to two concurrent terms of 30 months incarceration. On this appeal, he urges error upon the denial of his motion to disqualify the trial judge pursuant to Rule 3.230, Florida Rules of Criminal Procedure.
The defendant had previously appeared before the same judge upon an affidavit charging a violation of probation. The previous affidavit had been dismissed by the State because the victim had refused to testify out of fear. The defendant, prior to his entry of his plea of nolo contendere, filed a motion to disqualify the judge because of the judge’s knowledge of the circumstances of the dismissal. The motion was denied. At the time of the entry of the nolo contendere plea, the defendant reserved the right to appeal the denial of his motion for disqualification of the judge.
The law is well established in this state that an Ashby[1] nolo plea is permissible only when the legal issue to be determined is dispositive of the case. Brown v. State, 376 So.2d 382 (Fla.1979). It is clear that a change of judicial personnel would not have disposed of the case.
Cases since Brown, supra, have consistently dismissed appeals where the issue sought to be reversed was not dispositive of the case. State v. Carr, 438 So.2d 826 (Fla.1983); Cauley v. State, 444 So.2d 964 (Fla. 1st DCA 1984); Turner v. State, 429 So.2d 318 (Fla. 1st DCA 1983); Puccio v. State, 424 So.2d 85 (Fla. 1st DCA 1982); Hardison v. State, 385 So.2d 738 (Fla. 2d DCA 1980).
Accordingly, the appeal is dismissed.
MILLS and NIMMONS, JJ., and PEARSON, TILLMAN, (Ret.) Associate Judge, concur.

. State v. Ashby, 245 So.2d 225 (Fla.1971).