492 So.2d 1166 (1986)
David Anthony WEBER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2271.
District Court of Appeal of Florida, Fourth District.
August 13, 1986.
*1167 Charles D. Franken and Paul Stark, of Franken and Stark, Plantation, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael W. Baker and Penny H. Brill, Asst. Attys. Gen., West Palm Beach, for appellee.
COLBATH, WALTER N., JR., Associate Judge.
This is an appeal from final judgment of the lower court adjudicating appellant guilty of first degree murder and sentencing him to life imprisonment.
After the lower court denied appellant's motion to suppress his confession, appellant changed his plea from not guilty to nolo contendere, specifically reserving the right to appeal the denial of the motion to suppress. We would like to reach the merits of this appeal, but conclude that to do so would be improper.
An issue is preserved for appeal on a nolo contendere plea only if it is dispositive of the case. Brown v. State, 376 So.2d 382 (Fla. 1979); State v. Carr, 438 So.2d 826 (Fla. 1983). Courts in numerous cases have held that the matter is jurisdictional, i.e., the appellate court cannot reach the merits of an appeal if the issue on appeal was not dispositive below. See Carr, supra; Duckworth v. State, 469 So.2d 913 (Fla. 1st DCA 1985); D.K.G. v. State, 460 So.2d 549 (Fla. 5th DCA 1984); Banks v. State, 467 So.2d 386 (Fla. 5th DCA 1985); Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982); Sune v. State, 402 So.2d 11 (Fla. 3d DCA 1981); Hardison v. State, 385 So.2d 738 (Fla. 2d DCA 1980); Arnold v. State, 379 So.2d 1003 (Fla. 2d DCA 1980).
The only case unearthed by this court's research which actually reached the merits is Turner v. State, 429 So.2d 318 (Fla. 1st DCA 1982), where the court affirmed the lower court's judgment and sentence although it found that the lower court's denial of defendant's motion to suppress his confession was not dispositive. The Turner court stated that consideration of the merits would be improper where the issue raised on appeal was not dispositive, but then went on to do exactly that, affirming the lower court's judgment. The later case of Duckworth cites Turner for the proposition that the matter is jurisdictional.
We conclude that we must dismiss for lack of jurisdiction unless we determine that the issue was dispositive. If there is record evidence of a stipulation between the parties that the issue was dispositive, then we can reach the merits. See Finney, supra, and Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980), aff'd, 392 So.2d 1324 (Fla. 1981). There is no language in the record that could be interpreted to constitute such a stipulation, however, and in fact the state attorney's detailed recitation of the evidence it would offer at trial makes it clear that the confession was not dispositive.
In Leisure v. State, 429 So.2d 434, 437 (Fla. 1st DCA 1983), appeal after remand, 437 So.2d 751 (Fla. 1st DCA 1983), the court implied a finding of dispositiveness but distinguished cases involving confessions as they are nondispositive as a matter of law. We do not think that we can fairly imply a finding of dispositiveness here. Apparently, no one present at the trial was aware of the dispositiveness requirement; and since the court told the defendant the issue was reserved for appeal, we might reason that we will imply a stipulation between the parties that the confession issue was dispositive. Such reasoning, however, would stretch the principles set forth in the aforecited cases to impermissible limits.
*1168 For the reasons stated above and based upon the competent authority cited herein, this case is hereby dismissed for lack of jurisdiction.
DELL and GUNTHER, JJ., concur.