PER CURIAM.
The appellant, in 1972, was charged with three capital crimes. He had voluntarily confessed to the crimes, his fingerprints were found at the scenes, as well as other tangible evidence belonging to him, plus he was positively identified. Faced with this situation, counsel was able to negotiate a nolo plea in exchange for a sentence on each of the convictions to a term of years. Thereafter, the final judgment and conviction were appealed. See Seay v. State, 286 So.2d 532 (Fla.1973).
Some thirteen years later, the appellant filed a motion alleging ineffectiveness of counsel. The trial court conducted an evi-dentiary hearing and found no ineffectiveness. Even though counsel may have been mistaken in some of the reasons for seeking the nolo plea,[1] it is apparent that his basic strategy to escape a capital sentence was successful and we find no error in the trial court ruling here under review. Wilson v. Wainwright, 474 So.2d 1162 (Fla.1985); Mikenas v. State, 460 So.2d 359 (Fla.1984); Ferby v. State, 404 So.2d 407 (Fla. 5th DCA 1981).
Affirmed.

. Counsel had attempted to preserve the question of the validity of the grand jury which returned the indictments. Even if he had been successful in voiding the particular indictments involved, it is clear from the evidence that this would not have been dispositive of the criminal charges and the possible death sentences which the defendant was facing. State v. Carr, 438 So.2d 826 (Fla.1983); Brown v. State, 376 So.2d 382 (Fla.1979); Duckworth v. State, 469 So.2d 913 (Fla.1985).