RYDER, Acting Chief Judge.
The state challenges the trial court’s order granting the appellee’s, Robert Go-nyo’s, motion to suppress evidence in this drug trafficking case. The state contends and we agree that the trial court erred in finding that the undercover officer was required to obtain a search warrant pursuant to Bibby v. State, 423 So.2d 970 (Fla. 1st DCA 1982).
The state correctly argues that the facts of this case fall under the rationale of State v. Cantrell, 426 So.2d 1035 (Fla. 2d DCA 1983), cert. denied, 464 U.S. 1047, 104 S.Ct. 721, 79 L.Ed.2d 182 (1984). The facts in Cantrell are almost identical to the facts in the instant case. This case involves a consensual entry and the commission of a felony in the presence of an undercover officer. In order to make the arrest, the officer signalled the backup team, which immediately responded and assisted in making the arrest. When a person invites an undercover officer into his or her home to conduct unlawful business, the person waives any right to privacy to the extent that the home is considered a commercial center where warrantless arrests upon probable cause are lawful. Cantrell, 426 So.2d at 1038.
Gonyo's argument that the United States Supreme Court has limited the authority of the police to make warrantless arrests inside a defendant’s home under Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) is not applicable to the instant case. In Griffin v. State, 419 So.2d 320 (Fla.1982), the Florida Supreme Court distinguished Payton from situations similar to the instant case on the fact that the entry in Payton was nonconsensual. Furthermore, the court held that the commission of a felony in the presence of the officer was an exigent circumstance which is an exception to the warrant requirement. Here, the trial court erred in finding that there were no exigent circumstances justifying the warrantless arrest.
We should further observe that the court in Cantrell took notice of the Bibby decision, but distinguished that case on the facts. In Bibby, the state stipulated to the fact that there were no exigent circumstances. That is not the situation here.
Accordingly, we reverse the order of suppression and remand for further proceedings.
LEHAN and FRANK, JJ., concur.