611 So.2d 617 (1993)
Fred Wayne ASHLEY a/k/a Freddy Kruger, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03390.
District Court of Appeal of Florida, Second District.
January 15, 1993.
*618 James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
The appellant challenges his judgment and sentence for sexual battery on a victim physically helpless to resist. He argues that the trial court erred in denying his motion in limine to exclude evidence of a prior sexual battery. This court lacks jurisdiction to consider this appeal on the merits and must dismiss the case.
After the trial court denied the appellant's motion to exclude evidence, the appellant pled nolo contendere pursuant to a plea agreement and reserved the right to appeal under the belief that the issue was dispositive of the case. See Brown v. State, 376 So.2d 382, 384 (Fla. 1979) (a conditional nolo plea is permissible only when the legal issue to be determined on appeal is dispositive of the case). The trial court accepted the appellant's conditional plea, implicitly agreeing that the issue was dispositive. See Leisure v. State, 429 So.2d 434 (Fla. 1st DCA 1983). In addition, the prosecutor told the appellant that he would no longer be entitled to a trial but that he had the right to an appeal.
The attorneys and the court were mistaken in their assumptions that the ruling on the motion in limine was dispositive. Even without the evidence of the first sexual battery, the appellant could still be brought to trial on the second sexual battery, regardless of whether this court affirms or reverses the trial court's ruling. An issue is dispositive only if, regardless of whether an appellate court affirms or reverses the trial court's decision, there will not be a trial. Morgan v. State, 486 So.2d 1356 (Fla. 1st DCA 1986). Therefore, the appellant is not entitled to an appeal.
Accordingly, we dismiss the appeal without prejudice to the appellant to raise a Florida Rule of Criminal Procedure 3.850 motion.
LEHAN, C.J., and ALTENBERND, J., concur.