993 So.2d 540 (2007)
William BLOW, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-400.
District Court of Appeal of Florida, Second District.
November 14, 2007.
Russell T. Kirshy, Port Charlotte, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
William Blow appeals his judgment and sentence for child abuse. Blow was originally charged by information with aggravated child abuse pursuant to section 827.03(2), Florida Statutes (2005). The information alleged that Blow "did willfully and unlawfully cage a child...." Blow filed a motion to dismiss the charge, arguing that section 827.03(2) proscribes the caging of a child and that his act of chaining his sixteen-year-old stepson at Blow's *541 place of work and in the stepson's bedroom did not constitute caging. The trial court denied the motion to dismiss and Blow entered a plea to the lesser offense of third-degree child abuse,[1] attempting to reserve his right to appeal the denial of the motion to dismiss. We conclude that the denial of Blow's motion to dismiss was not dispositive of the offense of child abuse as defined by section 827.03(1)(b),[2] and therefore, this court lacks jurisdiction and the appeal must be dismissed.
In Blow's motion to dismiss, he asserted that the undisputed facts do not establish prima facie evidence of guilt. Blow stated that he and his wife had been having difficulty with their son, who had been using drugs, skipping school, not following house rules, and using abusive language. They were concerned that if something more drastic were not done, their son's behavior might result in serious injury to himself. Blow further alleged that the chain at issue was twenty feet long and that his stepson was never left unsupervised. Further, his stepson always had access to air conditioning and a bathroom, and he was well-nourished, well-hydrated, and appropriately clothed. Finally, Blow alleged that the handcuff never caused injury to the child. The State filed a demurrer accepting as true the facts as alleged in the motion, but arguing that such chaining did constitute unlawful caging pursuant to section 827.03(2)(b).
Section 827.03(2)(b) provides that a person commits aggravated child abuse when the person "willfully and unlawfully cages a child...." The statute does not define the term "caging" and we have been unable to find a case addressing this issue. In determining the meaning of the term "caging," the statutory language must be given its plain and ordinary meaning.
A cardinal rule of statutory construction requires that, unless otherwise defined or limited by manifest legislative intent, statutory language is to be given its plain and ordinary meaning. Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla.1984). Although the critical words are not statutorily defined, they can be readily understood by reference to commonly accepted dictionary definitions. See Gardner v. Johnson, 451 So.2d 477 (Fla.1984); Miller, The Medium is the Message: Standards of Review in Criminal Constitutional Cases in Florida, 11 Nova Law Review 97, 124 (1986) (standard dictionary definitions are reliable sources for plain and ordinary language definitions).
Powell v. State, 508 So.2d 1307, 1310 (Fla. 1st DCA 1987).
The noun "cage" is defined as follows: "a box or enclosure having some openwork (as of wires or bars) esp. for confining or carrying birds or animals." Webster's Third New International Dictionary, Unabridged (1986). The verb "cage" is defined as follows: "confine, shut in, keep in or as if in a cage" and "enclose in or with a strong structure to prevent escape." Id.
We conclude that the plain meaning of the statutory language "willfully and unlawfully cages a child" limits the statute's application to confining a child in some type of wire or bar boxlike structure or a small restrictive enclosure.[3]See Tillman v. State, 934 So.2d 1263, 1269 (Fla. 2006) ("When the language is unambiguous and conveys a clear and definite meaning, that meaning controls unless it leads to a *542 result that is either unreasonable or clearly contrary to legislative intent."). The plain meaning of the term "cage" does not include the act of chaining or handcuffing. Therefore, based on the facts presented in the motion to dismiss and demurrer, the State did not present a prima facie case of aggravated child abuse by caging as provided for in section 827.03(2)(b).
However, Blow entered a plea to the offense of child abuse as provided for in section 827.03(1)(b), which does not include the element of caging. A defendant may only appeal from a judgment based on a guilty or no contest plea if he or she expressly reserves the right to appeal a dispositive order of the trial court. Fla. R.App. P. 9.140(b)(2)(A)(i). A ruling is dispositive if it is clear that the State cannot proceed with prosecution on remand if the ruling is reversed. Hedglin v. State, 892 So.2d 1183, 1184 (Fla. 5th DCA 2005); Griffin v. State, 753 So.2d 676, 677 (Fla. 1st DCA 2000). Here, even if this court were to reverse the trial court's denial of the motion to dismiss, the State could proceed with prosecuting Blow for child abuse under section 827.03(1)(b).
We note that at the change of plea hearing, Blow's attorney and the trial court both incorrectly stated that Blow's motion was dispositive. Accordingly, we dismiss this appeal without prejudice to Blow's right to file a Florida Rule of Criminal Procedure 3.850 motion. See Ashley v. State, 611 So.2d 617, 618 (Fla. 2d DCA 1993).
Dismissed.
SILBERMAN and KELLY, JJ., Concur.
NOTES
[1] § 827.03(1)(b), Fla. Stat. (2005).
[2] Section 827.03(1)(b) defines child abuse as "An intentional act that could reasonably be expected to result in physical or mental injury to a child...."
[3] This opinion is not intended to limit what type of structure could be considered a "cage." We conclude only that the proscription against caging in section 827.03(2) does not encompass Blow's act of chaining his stepson in the present case.