SILBERMAN, Judge.
EN BANC
M.N., a juvenile, seeks review of the trial court’s order placing him on probation. M.N. entered a no contest plea to the charges in this case while attempting to reserve the right to appeal the denial of his motion to continue. We affirm because the motion to continue was not dispositive and M.N. did not otherwise preserve any issues for review. We write because our affirmance requires us to recede from a case suggesting that dismissal is the proper remedy.
M.N. entered an open, no contest plea to charges of burglary of an occupied dwelling and criminal mischief. At the change of plea hearing, counsel for M.N. requested a continuance because, on the previous evening, a witness the defense had been trying to locate contacted M.N. online and gave M.N. her telephone number. According to M.N., the witness had invited him to the house he allegedly burglarized. M.N. acknowledged that the online contact did not include any information as to what the witness might say. The court denied the motion, noting that the case had been reset several times.
M.N. then agreed to enter a no contest plea to the charges contingent upon his right to appeal the denial of his motion to continue. The court accepted M.N.’s plea, noting that M.N. was reserving the right to appeal the denial of his motion to continue. However, the court did not expressly find the motion to be dispositive. The State did not object to M.N.’s attempt to reserve the right to appeal the denial of his motion to continue. The court ordered adjudication withheld and placed M.N. on probation until M.N.’s nineteenth birthday.[1]
On appeal, counsel filed briefs pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and In re Appellate Court Response to Anders Briefs, 581 So.2d 149 (Fla.1991), and asserted that no meritorious issues exist for appellate review. Counsel recognized that M.N. had entered his plea while attempting to reserve his right to appeal the denial of his motion to continue. However, counsel asserted that there was no basis for review because the motion to continue was not truly dispositive.
A defendant may appeal from a judgment based on a no contest plea if he expressly reserves the right to appeal a dispositive order of the trial court. See Fla. R.App. P. 9.140(b)(2)(A)(i). A motion is dispositive if the State could not proceed to trial if the defendant prevailed on the appeal of the ruling on the motion. See Blow v. State, 993 So.2d 540, 542 (Fla. 2d DCA 2007); Ashley v. State, 611 So.2d 617, 618 (Fla. 2d DCA 1993). In this case, the motion to continue was not dispositive because reversal on appeal would not have *282 prevented the State from proceeding to trial; instead, reversal would have merely allowed M.N. to attempt to locate a defense witness to use at trial.
Because M.N. has not expressly reserved a dispositive order for review, we must affirm his conviction. See Leonard v. State, 760 So.2d 114, 119 (Fla.2000). We recognize that, under similar circumstances, this court has previously dismissed the appeal for lack of jurisdiction. See Blow, 993 So.2d at 542; Ashley, 611 So.2d at 618. In Leonard, however, the supreme court determined that a defendant’s failure to preserve an issue for review after entry of a plea is not a jurisdictional bar to appeal but is a limitation on the issues that can be addressed on appeal. Id. at 118. Thus, the court held that district courts should not dismiss appeals from pleas upon a determination that they do not present a dispositive issue that was reserved for review but should summarily affirm such decisions.[2] Id. at 119; see also Sears v. State, 920 So.2d 709, 709 (Fla. 4th DCA 2006) (affirming judgment and sentence entered pursuant to plea based on determination that the court’s ruling on his motion to suppress was not dispositive). The supreme court has recognized that Leonard, applies to juvenile cases. See State v. T.G., 800 So.2d 204, 209 n. 3 (Fla.2001).
In light of the controlling authority of Leonard, we recede from Blow to the extent it is inconsistent with this case. We also recede from that portion of any other case decided after Leonard in which this court dismissed an appeal from a plea for lack of jurisdiction based on the appellant’s failure to preserve a dispositive issue for review. To the extent that M.N. believes his plea was involuntary because he was led to believe he could appeal the denial of his motion to continue, our affirmance is without prejudice to any right M.N. might have to file a petition for writ of habeas corpus in the circuit court. See D.E.R. v. State, 993 So.2d 1030, 1030 (Fla. 2d DCA 2008).
Affirmed without prejudice to M.N.’s right to file a timely petition for writ of habeas corpus.
CASANUEVA, C.J., and ALTENBERND, FULMER, WHATLEY, NORTHCUTT, DAVIS, KELLY, VTLLANTI, WALLACE, LaROSE, CRENSHAW, and MORRIS, JJ.,[3] Concur.

. We note that the trial court failed to check the box for "adjudication withheld” on the disposition order. We are precluded from ordering correction of this error because counsel did not preserve this issue for review by filing a motion to correct disposition order pursuant to Florida Rule of Juvenile Procedure 8.135(b). See L.D.K. v. State, — So.3d -, 34 Fla. L. Weekly D356 (Fla. 2d DCA Feb. 10, 2009). However, M.N. may seek correction of this discrepancy by filing an *282 appropriate motion for collateral relief with the trial court. Id.

. Although the court in Leonard suggests the use of the summary affirmance procedure set forth in Florida Rule of Appellate Procedure 9.315(a), see 760 So.2d at 119, this case was fully briefed.