KHOUZAM, Judge.
 

 Kathleen Diane Lamb pleaded guilty to obtaining drugs from a physician by withholding information. Lamb contends that the trial court erred in denying, in part, her motion to suppress certain documents obtained from her physicians. We agree and reverse and remand for further proceedings.
 

 Law enforcement officers obtained Lamb’s prescription records for controlled substances from three pharmacies during an investigation of a possible case of “doctor shopping.” A detective then contacted the physicians who had treated Lamb, seeking “a chronological list of all controlled substances prescribed ... for the last one-year period.” In response, the physicians provided information that included lists of Lamb’s prescriptions and affidavits stating that they “had no knowledge that [Lamb] was also receiving a controlled substance of ' like therapeutic use from another practi[t]ioner within the same 30[-]day period in which [the doctors were] treating” her. The physicians further provided in their affidavits that “[i]f [they] would have known that [Lamb] was being treated by other doctors, [they] would have terminated [her] as a patient.” The information was obtained without a search warrant, a subpoena, or prior notice.
 

 Lamb filed a motion to suppress the prescription records obtained from the pharmacies and the information obtained from the physicians. The trial court granted the motion to suppress with regard to several of the documents obtained from the physicians.
 
 [1]
 
 The trial court denied the suppression of Lamb’s pharmacy records based on section 893.07, Florida Statutes (2008).
 
 [2]
 
 The trial court denied the suppression of the affidavits and lists of prescriptions obtained from the physicians, finding that the items did not constitute medical records under section 456.057(7), Florida Statutes (2008). After the suppression hearing, Lamb filed an amended motion to suppress her post-Miranda
 
 [3]
 
 statement, an affidavit signed by Dr. Gillis, and any testimony from the employees or the record custodian of the Kenaday Medical Clinic and Dr. Gillis. Lamb asserted that these items were fruit of the poisonous tree. The trial court denied the amended motion to suppress.
 

 On appeal, Lamb argues that the trial court erred in denying her motion to suppress as to the affidavits and the lists of prescriptions obtained from the physicians. The State responds that this issue was not preserved for appeal because there was no finding or stipulation that the court’s ruling on the motion to suppress was disposi-tive. The State further contends that the court’s ruling was not dispositive of the case because the prescription information obtained from the physicians was duplica-tive of the prescription records already obtained from the pharmacies. We disagree with the State’s assertions.
 

 
 *753
 
 During Lamb’s plea hearing, defense counsel stated that he “believe[d] the motion [to suppress] would have been dis-positive.” The trial court did not make an express finding as to whether the issue was dispositive; however, the court advised that it was “allowing] Miss Lamb to retain her appellate rights.” The court also informed Lamb that she had thirty-days to appeal and noted that “[t]his is a matter that needs to be resolved once and for all by the appellate courts of this district.” Because the trial court gave Lamb the impression that she was preserving her right to appeal the ruling on her motion to suppress, we conclude that a finding of dispositiveness can be inferred from the record.
 
 See Leisure v. State,
 
 429 So.2d 434, 436 (Fla. 1st DCA 1983) (determining that a finding of dispositiveness was implied where trial court instructed defendant that by entering a plea he was not waiving the right to appeal suppression issue).
 

 We also disagree with the State’s contention that the trial court’s ruling was not dispositive of the case. The record reflects that the charged offense allegedly occurred when Lamb obtained a prescription for a controlled substance from Dr. Gillis on August 13, 2008, by withholding information that she had received a prescription for a controlled substance of like therapeutic use from Dr. Hays of the Ke-naday Medical Clinic on August 4, 2008.
 
 See
 
 § 893.13(7)(a)(8). The pharmacy records include the August 13, 2008, prescription written by Dr. Gillis, but do not include the August 4, 2008, prescription written by Dr. Hays. Therefore, the prescription information obtained from the Kenaday Medical Clinic was not duplica-tive of the prescription records already obtained from the pharmacies. Because the State could not proceed to trial without the prescription information from the Ke-naday Medical Clinic, we find that the court’s ruling on Lamb’s motion to suppress was dispositive of the case.
 
 See M.N. v. State,
 
 16 So.3d 280, 281 (Fla. 2d DCA 2009) (“A motion is dispositive if the State could not proceed to trial if the defendant prevailed on the appeal of the ruling on the motion.”).
 

 Next, we consider whether the trial court erred in denying suppression of the physician information based on its finding that the documents did not constitute medical records under section 456.057(7). The statute, which applies to “health care practitioners,” provides as follows:
 

 (7)(a) Except as otherwise provided in this section and in s. 440.13(4)(c), such records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or the patient’s legal representative or other health care practitioners and providers involved in the care or treatment of the patient,. except upon written authorization of the patient. However,
 
 such records may he furnished without written authorization
 
 under the following circumstances:
 

 [[Image here]]
 

 3. In any civil or criminal action, unless otherwise prohibited by law,
 
 upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient’s legal representative by the party seeking such records.
 

 (Emphasis added.)
 

 Section 456.057(6) defines “such records” as “reports and records relating to [the] examination or treatment [of the patient].” In
 
 State v. Shukitis,
 
 — So.3d — (Fla. 2d DCA 2010), the defendant’s physicians provided law enforcement officers with “information regarding the defendant’s medical treatment, such as his lists of medication and ... the fact that
 
 *754
 
 the defendant allegedly had a medical appointment” on a certain day. Because section 456.057 appeared to be a valid basis to suppress some or all of the physician information, this court remanded the case for the trial court to determine whether the information should be suppressed.
 
 [4]
 
 — So.3d at —.
 

 Accordingly, as in
 
 Shulcitis,
 
 we reverse the trial court’s order with regard to the physicians’ affidavits and lists of Lamb’s prescriptions. On remand, the trial court should reconsider the suppression of these items under section 456.057(7)(a) and make specific findings as to which portions of the physician information constituted “reports and records relating to [the] examination or treatment” of Lamb.
 
 See
 
 § 456.057(6);
 
 Shukitis,
 
 — So.3d at —;
 
 see also State v. Here,
 
 — So.3d — (Fla. 2d DCA 2011) (remanding to determine whether physicians’ statements to detective involved medical records as defined in section 456.057(6)). Because we are remanding this case for further consideration, we also direct the trial court to reconsider whether Lamb’s
 
 post-Miranda
 
 statement, the affidavit signed by Dr. Gillis, and any testimony from the employees or the record custodian of the Kenaday Medical Clinic and Dr. Gillis are subject to suppression in light of this opinion.
 

 Reversed and remanded for further proceedings.
 

 WALLACE and MORRIS, JJ., Concur.
 

 [1]
 

 . Both Lamb and the State stipulated that several of the documents obtained from the physicians were inadmissible. The trial court also found that prescriptions obtained from, and written by, Dr. Kamajian were medical records. The court suppressed these items.
 

 [2]
 

 . Lamb does not challenge this portion of the ruling on appeal, and the trial court did not err in denying the suppression of Lamb’s pharmacy records of her prescriptions for controlled substances.
 
 See State v. Tamulonis,
 
 39 So.3d 524 (Fla. 2d DCA 2010),
 
 cert. denied,
 
 52 So.3d 662 (Fla.2011).
 

 [3]
 

 .Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [4]
 

 . We note that the trial court did not have the benefit of the
 
 Shulcitis
 
 decision at the time of the hearing on Lamb’s motion to suppress.