WHATLEY, Judge.
D.J.P. appeals an order adjudicating him to be delinquent after he admitted committing the offenses of burglary of an unoccupied dwelling and grand theft of a firearm. Although D.J.P. attempted to reserve his right to appeal the denial of a motion to suppress his confession, we conclude that the motion was not dispositive and affirm. At the hearing on the motion to suppress, the trial court and the State noted that there was no stipulation that the motion was dispositive. The trial court stated, “In fact it was the State that refused to stipulate because they believe they could go forward even [if the motion had been granted].” Thereafter at the change of plea hearing, the State asserted that there were other witnesses who could identify D.J.P.
In M.N. v. State, 16 So.3d 280, 281 (Fla. 2d DCA 2009), the appellant entered a plea to the charges contingent on his ability to appeal the denial of a pretrial motion, the trial court accepted the plea and noted the appellant’s reservation of his right to appeal, but the trial court failed to expressly find that the motion was dispositive. This court affirmed in M.N., holding that the appellant’s motion was not dispositive because the State could go forward at trial even if the.appellant had prevailed on the appeal of the trial court’s order. Id. at 281-82; see also Weber v. State, 492 So.2d 1166, 1167 (Fla. 4th DCA 1986) (refusing to infer stipulation where there was no language in the transcript that could be construed to be a stipulation and the State’s factual bases for the charge indicated that the confession was not dispositive).
Accordingly, we affirm.
VILLANTI, J., Concurs specially with opinion.
SILBERMAN, C.J., Concurs specially with opinion.