SILBERMAN, Chief Judge,
Specially concurring.
I fully concur in the result reached in the majority opinion. I write to note that our decision does not preclude D.J.P. from filing a timely petition for writ of habeas corpus seeking to withdraw his plea as involuntary. See M.N. v. State, 16 So.3d 280, 282 (Fla. 2d DCA 2009).
Although the trial court’s ruling on D.J.P.’s motion to suppress was not dispos-itive, it is clear from the record that D.J.P. entered his negotiated, no contest plea to a reduced charge with the understanding that he could obtain appellate review of the order denying his motion to suppress. The plea form signed by D.J.P., his guardian, his attorney, and the trial court states in two places that D.J.P. entered his plea while reserving for appellate review the trial court’s denial of his motion to suppress. Further, the transcript of the change of plea hearing reflects extensive discussion by D.J.P., his attorney, and the trial court that in entering his plea, D.J.P. would be able to obtain appellate review of the order denying his motion to suppress. The trial court elaborated as follows:
Well, I can’t give you legal advice on how to appeal. I just can’t give you legal advice, but your time to file an appeal, which you absolutely have the right to do. You’ve reserved that right. I’m granting you that right....
[[Image here]]
I have no doubt that you will be fully advised on how to pursue your appellate rights that you’ve reserved.
[[Image here]]
I fully expect you to appeal. I’m not offended by that and if the appellate court reverses me then I have to follow their-their infinite wisdom.
Because D.J.P. could not get the benefit of his bargain regarding appellate review *1080 of the suppression order, his plea appears to be involuntary. Thus, D.J.P. is entitled to seek to withdraw his plea. Of course, if he is successful in doing so, he will likely lose the other benefits obtained through his negotiated plea.