PER CURIAM.
Roger Dennis Churchill, Jr. appeals his judgment and sentence for one count of manufacture of methamphetamine, one count of conspiracy to manufacture methamphetamine, and one count of possession of a listed chemical, entered after he pled no contest to the charges while reserving his right to appeal the trial court’s ruling on his pre-trial motion in limine.[1] We *1261 decline to address the issue. Because the trial court’s order was not dispositive,[2] it cannot be challenged on direct appeal. See Fla. R. App. P. 9.140(b)(2)(A)©; Garcia-Roque v. State, 120 So.3d 618 (Fla. 5th DCA 2013) (affirming defendant’s convictions and sentences without addressing lower court’s ruling on the motion in limine because such ruling was not dispositive). “An issue is legally dispositive only if, regardless of whether the appellate court affirms or reverses the lower court’s decision, there will be no trial of the case.” Levine v. State, 788 So.2d 379, 380 (Fla. 4th DCA 2001) (internal quotation marks omitted) (citing Zambuto v. State, 731 So.2d 46 (Fla. 4th DCA 1999)). Accordingly, we dismiss the appeal. See Garcia-Roque, 120 So.2d at 619.
DISMISSED.
EVANDER, BERGER and WALLIS, JJ., concur.

. The specific issue presented on appeal is whether the presumptive field test conducted by law enforcement met the standard set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). See § 90.702, Fla. Stat. (2014); Perez v. Bell South Telecomm., Inc., 138 So.3d 492, 497-98 (Fla. 3d DCA 2014). Churchill argues it did not. He does not contest the trial court's ruling concerning the identification of the methamphetamine based on the law enforcement officer’s training and experience.

. Even though the State stipulated below that the trial court’s ruling was dispositive, this Court is not bound to accept the State's stipulation. See Ashley v. State, 611 So.2d 617, 618 (Fla. 2d DCA 1993) (finding that the attorneys and the trial court erred in their assumptions that the ruling on the motion in limine was dispositive, because the defendant could be brought to trial regardless of whether the appellate court affirmed or reversed the trial court’s ruling). Here, the stipulation was based on the exclusion of all of the deputy’s testimony, including his identification of the methamphetamine based on his training and experience. Churchill waived any argument as to this additional testimony by not raising it in his initial brief. See, e.g., Hoskins v. State, 75 So.3d 250, 257 (Fla.2011) (citing Hall v. State, 823 So.2d 757, 763 (Fla.2002)) (stating argument not raised in initial brief barred); J.A.B. Enters, v. Gibbons, 596 So.2d 1247, 1250 (Fla. 4th DCA 1992) (”[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief.”) (citing Snyder v. Volkswagen of Am,, Inc., 574 So.2d 1161 (Fla. 4th DCA 1991)).