IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BOBBY LEE SAVIORY,

      Appellant,

 v.                                                                  Case No.  5D16-1477

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 30, 2016

3.850 Appeal from the Circuit
Court for Orange County,
Robert J. Egan, Judge.

Bobby Lee Saviory, Madison, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Roark Wall,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Bobby Lee Saviory appeals the summary denial of his motion for postconviction

relief, which alleged counsel was ineffective for improperly advising him that he could

appeal a non-dispositive motion to suppress after entering a no contest plea.  See Fla. R.

Crim. P. 3.850.  The limited record before us does not support the conclusion that the

issue raised in the motion to suppress was dispositive, nor does it contain sufficient facts

for us to imply such a finding.  See Leisure v. State, 429 So. 2d 434, 436 (Fla. 1st DCA 1983) (explaining trial court's failure to expressly find that the issue was dispositive does not mean the defendant waived his right to appeal ruling on motion to suppress as dispositiveness can be implied); Lamb v. State, 55 So. 3d 751, 753 (Fla. 2d DCA 2011) (concluding that "[b]ecause the trial court gave Lamb the impression that she was preserving her right to appeal the ruling on her motion to suppress, we conclude that a finding of dispositiveness can be inferred from the record").  Accordingly, we reverse the summary denial of Saviory's motion and remand for the attachment of records conclusively refuting his claim or for an evidentiary hearing.[1]  See Freeman v. State, 761 So. 2d 1055, 1061 (Fla. 2000) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." (citing Maharaj v. State, 684 So. 2d 726 (Fla. 1996))).

REVERSED and REMANDED.

PALMER, EVANDER, and BERGER, JJ., concur.

---

[1] If the matter is scheduled for hearing, the trial court should determine whether the motion to suppress was dispositive and, if not, whether counsel was ineffective for advising Saviory that, upon entry of the plea, he could appeal the denial of his non-dispositive motion to suppress.