# Supreme Court of Florida

_____

No. SC16-654
_____

**ROGER DENNIS CHURCHILL, JR.**,
Petitioner,

vs.

**STATE OF FLORIDA**,
Respondent.

[April 13, 2017]

POLSTON, J.

Roger Dennis Churchill, Jr., seeks review of the decision of the Fifth District Court of Appeal in Churchill v. State, 169 So. 3d 1260 (Fla. 5th DCA 2015), on the ground that it expressly and directly conflicts with a decision of the Third District Court of Appeal in Finney v. State, 420 So. 2d 639 (Fla. 3d DCA 1982) (en banc), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we quash the Fifth District's decision in Churchill and hold that, in appeals from a conditional no contest plea, the appellate court is bound by a stipulation that a pre-plea ruling by the trial court is dispositive of the case.

# BACKGROUND

Following his arrest in Citrus County in July 2013, Churchill was charged with one count of conspiracy to manufacture methamphetamine, one count of manufacture of methamphetamine, and one count of possession of a listed chemical. Prior to trial, Churchill filed a motion in limine seeking to exclude witness testimony about the identity of the substances found at the scene of his arrest, as well as the results from the chemical field tests performed on those substances. He argued that such evidence should be excluded because none of the witnesses listed by the State were qualified expert witnesses under the standard for scientific evidence in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and section 90.702, Florida Statutes. The trial court denied the motion in limine, finding that the law enforcement officer who performed the chemical field tests and identified the methamphetamine was sufficiently qualified to testify as an expert witness.

Churchill subsequently entered an open plea of no contest on all charges. The trial court accepted the plea, and Churchill reserved his right to appeal the ruling on the motion in limine, which the State agreed was dispositive of the case. The trial court then adjudicated Churchill guilty and sentenced him to five years on the conspiracy count, a concurrent term of 15 years on the manufacture count, followed by a consecutive term of seven years for possession of a listed chemical.

Churchill filed a timely appeal in the Fifth District where he argued that the trial court erred in not excluding testimony and evidence about the results of the chemical field tests because such evidence failed to comply with the standard for admissibility in Daubert. Churchill, 169 So. 3d at 1260 n.1. He did not challenge the trial court's ruling that the law enforcement officer was qualified to testify about the identification of the methamphetamine. Id. The Fifth District declined to address the issue raised by Churchill, holding that "[b]ecause the trial court's order was not dispositive, it cannot be challenged on direct appeal." Id. at 1260-61 (footnote omitted) (citing Fla. R. App. P. 9.140(b)(2)(A)(i)). The Fifth District reasoned as follows:

> Even though the State stipulated below that the trial court's ruling was dispositive, this Court is not bound to accept the State's stipulation. See Ashley v. State, 611 So. 2d 617, 618 (Fla. 2d DCA 1993) (finding that the attorneys and the trial court erred in their assumptions that the ruling on the motion in limine was dispositive, because the defendant could be brought to trial regardless of whether the appellate court affirmed or reversed the trial court's ruling). Here, the stipulation was based on the exclusion of all of the deputy's testimony, including his identification of the methamphetamine based on his training and experience. Churchill waived any argument as to this additional testimony by not raising it in his initial brief.

Id. at 1261 n.2. Accordingly, the Fifth District dismissed Churchill's appeal for lack of jurisdiction. Id. at 1261.

# ANALYSIS

Churchill contends that the Fifth District erred in dismissing the appeal from his no contest plea for lack of jurisdiction because the appellate court was required to accept the parties' stipulation that the trial court's ruling on the motion in limine was dispositive of the case. We agree.

In 1971, this Court held that a defendant could enter a plea of no contest while reserving a question of law for appellate review. State v. Ashby, 245 So. 2d 225, 228 (Fla. 1971). The Court concluded that this type of conditional plea was "not objectionable" because it "expedites resolution of the controversy and narrows the issues to be resolved." Id. Eight years later, this Court narrowed the scope of Ashby, holding that a conditional no contest plea "is permissible only when the legal issue to be determined on appeal is dispositive of the case." Brown v. State, 376 So. 2d 382, 384 (Fla. 1979). The Court reasoned that the policies underlying the decision in Ashby were "poorly served" and "thwarted" when a defendant was allowed to appeal nondispositive rulings because the defendant would still face the prospect of trial even if he or she prevailed on appeal, which would prolong rather than expedite resolution of the case. Id.

In Brown, we identified three types of trial court decisions that would constitute dispositive legal issues: rulings on "[m]otions testing the sufficiency of the charging document, the constitutionality of a controlling statute, or the

suppression of contraband for which a defendant is charged with possession." Id. at 385. However, we held that a trial court's ruling on a motion to suppress a confession was not dispositive of a case for purposes of a conditional no contest plea. Id. We explained that this decision was intended "to avoid a mini-trial on the sufficiency of the evidence in each case involving a confession" because "[s]uch a procedure would be unwieldy and time-consuming" for the trial courts. Id.

Subsequently, the First District applied Brown to the appeal of a trial court's pre-plea determination that a defendant's confession was admissible, holding that Brown did not preclude a stipulation by the parties that "the State has no case and would be unable to proceed with the prosecution without the confession." Jackson v. State, 382 So. 2d 749, 750 (Fla. 1st DCA 1980). Accordingly, the First District held that where such a stipulation exists, "the ruling on the admissibility of a confession would be 'dispositive of the appeal.' " Id. The First District then addressed the merits of the case and affirmed the trial court's ruling. Id. This Court summarily affirmed the First District's decision in Jackson. Jackson v. State, 392 So. 2d 1324 (Fla. 1981).

Since Jackson, the district courts have been divided on the role of stipulations of dispositiveness in appeals from conditional no contest pleas. In Finney, the Third District granted a rehearing en banc to resolve an intra-district

conflict on this point. 420 So. 2d at 640-41. The defendant in Finney entered a no contest plea and reserved his right to appeal the denial of a motion to suppress evidence of stolen property and his identity as the perpetrator, which the State stipulated was dispositive of the case. Id. at 642. In reaching the merits of the appeal, the Third District relied on Jackson to determine that the trial court's ruling on the motion to suppress was dispositive "by virtue of the stipulation." Id. The Third District further noted that its decision was supported by the concern for judicial efficiency in Brown, reasoning that:

> [w]here a stipulation has been entered into by both sides, the court will not be called upon to hear testimony as to the dispositive nature of the evidence. A stipulation is the parties' recognition that, for whatever reason, they have presented all of the evidence that they care to and each is willing to abide the appellate consequences regarding the grant or denial of the motion to suppress.

Id.

In contrast, in this case, the Fifth District expressly held that it was not required to accept the parties' stipulation that the trial court's ruling on Churchill's motion in limine was dispositive. Churchill, 169 So. 3d at 1261 n.2. The Fifth District then dismissed the case for lack of jurisdiction after determining that the issue raised on appeal (only one of the two addressed in the motion in limine) was not legally dispositive on its own. Id.

Contrary to the Fifth District's decision in Churchill, the district courts have jurisdiction to review the merits of a conditional no contest plea when the State

- 6 -

stipulates that an issue reserved for appeal is dispositive of the case. See Fla. R. App. P. 9.140(b)(2)(A)(i) (providing that a defendant who pleads no contest "may expressly reserve the right to appeal a prior dispositive order of the lower tribunal"). In such circumstances, there is no need for the trial court nor the appellate court to determine whether a particular issue will end the case because the stipulation of dispositiveness establishes that the State cannot or will not continue with its prosecution if the defendant prevails on appeal. See Jackson, 382 So. 2d at 750 (concluding that, notwithstanding Brown, a pre-plea ruling by the trial court was "dispositive of the appeal" based on the parties' agreement that "the State ha[d] no case and would be unable to proceed with the prosecution without the confession"), aff'd, 392 So. 2d 1324 (Fla. 1981); Finney, 420 So. 2d at 644 (Pearson, J., concurring specially) (explaining that "where there is an agreement on dispositiveness, Brown's 'legal dispositiveness' is, by definition in Jackson, irrelevant"); see also Williams v. State, 134 So. 3d 975, 976 (Fla. 1st DCA 2012) ("An issue is dispositive only when it is clear that there will be no trial, regardless of the outcome of the appeal."). In other words, the stipulation on its own "is sufficient to establish a basis for appellate review 'even though [an] issue would otherwise be deemed not dispositive as a matter of law.' " Beermunder v. State, 191 So. 3d 1000, 1001 (Fla. 1st DCA 2016) (Makar, J., concurring in result) (quoting Zeigler v. State, 471 So. 2d 172, 175 (Fla. 1st DCA 1985)).

As Judge Zehmer explained in <u>Zeigler</u>, requiring all stipulations of dispositiveness to be binding will prevent the appellate courts from improperly second-guessing the parties' strategic decisions and making factual determinations:

> The rule preventing us from engaging in selective disapproval of stipulations made by the state and the accused is necessary to assure that appellate courts are not thrust into the position of reviewing acts of the parties or their attorneys instead of judicial acts of the court below. The trial court was not required to look behind the state's stipulation to determine if it was provident or improvident, appropriate or inappropriate, much less whether it was ill advised. The trial court's conditional acceptance of the nolo contendere plea did not constitute a judicial ruling on the validity or propriety of that stipulation, but only that he acknowledged it as the agreed basis for the plea and appeal. If we are going to be required to look behind a stipulation for the first time on appeal to determine whether it is proper, without having the benefit of a previously made factual record supporting a ruling by the court below, we shall become a de novo court rather than an appellate court.

<u>Zeigler</u>, 471 So. 2d at 177 (Zehmer, J., concurring).

Additionally, requiring stipulations to be binding will further the interests of judicial efficiency and expeditious resolution of controversies cited in <u>Ashby</u> and <u>Brown</u>. Judge Pearson's concurrence in <u>Finney</u> is instructive on this point:

> Sanctioning agreements as to dispositiveness does away with the time-consuming process which occurs when an appellate court questions whether an issue is <u>legally</u> dispositive, relinquishes jurisdiction to the trial court for a hearing on that issue, finds the issue not dispositive, dismisses the appeal, and permits the defendant to withdraw his plea. Moreover, encouraging and accepting agreements between the State and the defendant will have the salutary effect of avoiding potential collateral attacks on nolo contendere pleas entered in the erroneous belief, gained from counsel or the trial judge, that a preserved issue is legally dispositive and an appeal is viable.

Finney, 420 So. 2d at 644 n.4 (Pearson, J., concurring specially) (citation omitted).

Finally, allowing the parties to stipulate to potentially nondispositive legal issues does not disturb the concern with finality discussed in Brown as the State suggests. When the State enters into a plea agreement on the condition that the defendant will not face further prosecution if he or she prevails on appeal, that agreement is binding and cannot be defeated simply because it would be legally possible to continue to trial regardless of the outcome in the appellate court. See Garcia v. State, 722 So. 2d 905, 907 (Fla. 3d DCA 1998) ("A plea agreement is a contract and the rules of contract law are applicable to plea agreements."), review dismissed, 727 So. 2d 905 (Fla. 1999); Fla. R. Crim. P. 3.172(g) (recognizing that a plea agreement is binding after it is formally accepted by the trial court); see also Finney, 420 So. 2d at 644 n.2 (Pearson, J., concurring specially) (characterizing the State's stipulation of dispositiveness as a "conditional nolle prosequi" agreement, which cannot be "interfere[d] with" by the trial or appellate courts). Therefore, the appellate court's ruling on the issue reserved for review, even one that is not legally dispositive as contemplated by Brown, will bring an end to the litigation. See Beermunder, 191 So. 3d at 1005 (Makar, J., concurring in result) ("[The contested motions] are dispositive in the sense that the State has pledged it will not prosecute Beermunder further even if he wins on appeal; finality is established."); Finney, 420 So. 2d at 644 n.3 (Pearson, J., concurring specially) (noting that if the

appellate court were to decide a legally nondispositive issue in favor of the defendant, the court would "reverse the judgment of conviction and, based on the State's agreement, order the defendant discharged").

Because the parties in this case clearly stipulated that the trial court's ruling on Churchill's motion in limine was dispositive of the case, the Fifth District was bound to accept that stipulation and consider the merits of Churchill's appeal. Therefore, we conclude that the Fifth District improperly dismissed the appeal for lack of jurisdiction.

**CONCLUSION**

For the reasons expressed above, we hold that, in appeals from conditional no contest pleas, stipulations of dispositiveness are binding on the appellate court. Accordingly, we quash the Fifth District's decision in <u>Churchill</u> and remand for the district court to consider the merits of Churchill's appeal. We also approve the Third District's decision in <u>Finney</u> regarding the binding effect of stipulations of dispositiveness.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Fifth District - Case No. 5D14-1081

(Citrus County)

Rocco J. Carbone, III, of Eakin & Sneed, Atlantic Beach, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and Wesley Heidt, Bureau Chief, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, Florida,

for Respondent