# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

No. 1D17-1830

———————————————————

EDWARD LAMONT HICKS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————————

On appeal from the Circuit Court for Duval County.
Waddell A. Wallace, Judge.

August 23, 2019

ORDER ON MOTION FOR REHEARING EN BANC

A judge of this Court requested that this cause be reheard en banc in accordance with Florida Rule of Appellate Procedure 9.331(d). All judges in regular active service have voted on the request. Less than a majority of those judges voted in favor of rehearing en banc. Accordingly, the request for rehearing en banc is denied.

RAY, C.J., and WOLF, LEWIS, B.L. THOMAS, ROBERTS, ROWE, OSTERHAUS, WINOKUR, and JAY, JJ., concur.

WINOKUR, J., concurs in an opinion in which WOLF, LEWIS, B.L. THOMAS, ROBERTS, and ROWE, JJ., join.

MAKAR, BILBREY, KELSEY, and M.K. THOMAS, JJ., dissent.

MAKAR, J., dissents in an opinion in which KELSEY, J. joins.

_____

WINOKUR, J., concurring in denial of rehearing en banc.

I agree that Hicks has failed to show that en banc consideration is appropriate. While I do not wish to belabor points made in the panel majority opinion, I find that some points raised in the consideration for en banc rehearing merit further explication. I agree with the panel majority that Hicks has improperly appealed a nondispositive issue, but the concept of dispositiveness deserves further comment. The same is true for the proposition that the State's stipulation in this case permits review. More fundamentally, even if this case presented no issue with dispositiveness or reservation, Hicks would still be entitled to no relief because he has misinterpreted the retroactivity of section 776.032(4), Florida Statutes (2017).

## 1. *Dispositiveness*

The scope of the right to appeal a judgment or sentence following a guilty or no-contest plea is clear: such an appeal is prohibited "without expressly reserving the right to appeal a legally dispositive issue." § 924.051(4), Fla. Stat. The applicable procedural rule sets forth the same requirements. Fla. R. App. P. 9.140(b)(2)(A)(i) (adding that a defendant who wishes to appeal following a guilty or no-contest plea must "identify[] with particularity the point of law being reserved").[1] The requirement that an issue appealed following a guilty plea be dispositive is no mere procedural hurdle placed before defendants to limit review. Instead, it is necessary to effectuate the overriding rule that a guilty plea ends proceedings in the trial court. The dispositiveness requirement ensures that, regardless of whether the defendant wins or loses on appeal, the proceedings in the trial court ended with the plea and resulting judgment.

_____

[1] While section 924.051(4) provides this sole method for an appeal following a guilty or no-contest plea, Rule 9.140(b)(2)(A)(ii) permits other types of appeals following guilty or no-contest pleas that are not relevant here.

2

The dispositiveness requirement has long been imposed to prevent "a trial even if [the defendant] prevails on appeal." *Brown v. State*, 376 So. 2d 382, 384 (Fla. 1979). The requirement is meant to "expedite[] resolution of the controversy," by prohibiting what would amount to an "interlocutory appeal." *Id. See also Tiller v. State*, 330 So. 2d 792, 793 (Fla. 1st DCA 1976) (holding that, without a dispositiveness requirement, "appellate courts will be placed in the untenable position of rendering advisory opinions and the disposition of criminal cases will be unacceptably delayed"). Thus, the central importance of the dispositiveness requirement is that it precludes any further proceedings following appeal. This rule makes sense, since the defendant has already entered a guilty or no-contest plea. Further proceedings in the trial court would be inconsistent with the finality inherent in such a plea. *See Milliron v. State*, 44 Fla. L. Weekly D1475 (Fla. 1st DCA June 7, 2019) (finding the issue nondispositive because, even if relief were granted on some counts, "there will still be a 'trial of the case' or further proceedings for the remaining counts"); *Sloss v. State*, 917 So. 2d 941, 942 (Fla. 5th DCA 2005) ("These motions . . . are in no way dispositive as a reversal would merely result in remand for further proceedings, including the possibility of a trial."); *Martinez v. State*, 420 So. 2d 637, 638 n.2 (Fla. 3d DCA 1982) ("The test for dispositiveness . . . is whether our decision in favor of *either* party would end the case.").

This intent to prevent further trial-court proceedings is so strong that even an issue that is *not* in fact dispositive of the case may be appealed, as long as the State stipulates that no further proceedings will follow an appeal. *See Churchill v. State*, 219 So. 3d 14, 18 (Fla. 2017) (noting that "the appellate court's ruling on the issue reserved for review, even one that is not legally dispositive as contemplated by *Brown*, *will bring an end to the litigation*") (emphasis added). Again, the central value of this rule is that an appeal "will bring an end to the litigation." *Id.* This is true regardless of whether the appealed issue can be properly characterized as "dispositive," because the State can stipulate to the appeal of a nondispositive issue. Put another way, the State can waive the requirement that an appealed issue be dispositive, but if it does, the appeal still must end the litigation.

3

It should be noted that *Churchill* did not break new ground in its ruling that the appellate court must accept a reserved issue as dispositive if the State has stipulated to dispositiveness. This rule of law has been applied in this Court for nearly forty years. In *Jackson v. State*, 382 So. 2d 749 (Fla. 1st DCA 1980), *aff'd*, 392 So. 2d 1324 (Fla. 1981), the State argued that the appellate court could not review a suppression issue because it was not dispositive. This Court rejected the argument because, by stipulating to the dispositiveness of the reserved issue below, it essentially waived any argument on appeal that the issue was not dispositive. *Jackson,* 382 So. 2d at 750. *See also Zeigler v. State*, 471 So. 2d 172, 176 (Fla. 1st DCA 1985) (accepting a stipulation of dispositiveness because it demonstrated that "each [party] is willing to abide by the appellate consequences" of the stipulated issue (quoting *Finney v. State*, 420 So. 2d 639, 642 (Fla. 3d DCA 1982)). While *Churchill* did reverse a contrary ruling from another district, it is a mistake to suggest that it establishes a rule of law in this district that did not already exist for decades.[2]

---

[2] The dissent to this order contends that there had been "[t]wo lines of inconsistent cases" in this Court on the issue of whether an appellate court could reject a stipulation of dispositiveness, and that *Churchill* resolved this inconsistency. Dissenting op. at 12 (citing *Beermunder v. State*, 191 So. 3d 1000, 1001 (Fla. 1st DCA 2016) (Makar, J. concurring)). I disagree. Since the 1980s the consistent law in this district has been that an issue is legally dispositive (and therefore appealable following a guilty plea) if the State stipulates below that the issue is dispositive, and that the appellate court cannot reject the appeal if it finds that the issue was not actually dispositive. The only case cited in *Beermunder* for the opposite rule was *Morgan v. State*, 486 So. 2d 1356 (Fla. 1st DCA 1986). While it is true that the *Morgan* court rejected a State stipulation of disposiviteness, it did so because "an essential part of the stipulation was that, in the event that such rulings were reversed on appeal, the state would be entitled to proceed to trial." *Id.* at 1357. In other words, the parties actually stipulated only to appealability, but not to dispositiveness, because they agreed to further proceedings if the defendant prevailed on appeal. Essentially, the parties did not know what "dispositive" meant. This Court rejected the stipulation, because no post-appeal trial proceedings are permitted following a guilty plea. *Id.* at 1358. In

In contrast, Hicks argues that we should allow further proceedings following this appeal. At the least, Hicks argues that he is entitled to a new immunity hearing. He contends that an actual trial is "unlikely," so it meets the dispositiveness requirement. I do not agree. An appeal of a reserved issue following a guilty plea cannot constitute an "interlocutory appeal," *Brown*, 376 So. 2d at 384, and must "bring an end to the litigation," *Churchill*, 219 So. 3d at 18. In other words, following such an appeal, either the conviction must be affirmed, or the defendant is discharged. Any other resolution ignores the unmistakable meaning of the word "dispositive."[3] The issue of whether the trial court erred in finding that Hicks was not entitled to immunity is plainly dispositive: if he was entitled to immunity, the prosecution is over. In this respect, the State's "stipulation" was unnecessary: the issue was dispositive whether the State stipulated to that fact

___

this unusual context, *Morgan* is not inconsistent at all with *Jackson* or *Zeigler*. I stand by my contention that *Churchill* merely confirmed a rule that has been consistently applied in this district for nearly forty years.

[3] The panel dissent concludes that *Churchill* permits further proceedings on remand following appeal from a guilty plea, if the State had stipulated to dispositiveness. *Hicks v. State*, 44 Fla. L. Weekly D1525a, D1529 (Fla. 1st DCA June 12, 2019) (Kelsey, J. dissenting) ("Churchill . . . clearly instructs that the appellate court is not authorized to go behind a stipulation of dispositivity and speculate about what might transpire on remand."). I submit this passage misreads *Churchill*. The *Churchill* court was merely pointing out that the nondispositiveness of a reserved issue does not prevent appellate review if the State has stipulated to dispositiveness. That observation does not mean that an appeal of a reserved issue following a guilty plea can result in remand for further proceedings. Because the State stipulated to dispositiveness, the appellate court must discharge the defendant if the defendant prevails on appeal. Any other result ignores the clear holding of *Churchill*, which states "the appellate court's ruling on the issue reserved for review, even one that is not legally dispositive . . ., *will bring an end to the litigation.*" *Churchill*, 219 So. 3d at 18 (emphasis supplied).

or not. Conversely, the question of whether the State or the defendant bears the burden of proof at the immunity hearing plainly does not dispose of the case.[4,5]

## 2. *Express reservation*

Again, I do not intend to rehash the majority opinion, in particular here the conclusion that Hicks did not expressly reserve the issue he raised on appeal. Suffice it to say that Hicks reserved the *substantive* issue of his entitlement to immunity, which the trial court denied. In his written plea agreement, he reserved the "right to appeal [the] court[']s *ruling* on Stand Your Ground Hearing" (emphasis supplied). In no way did he even hint that the *procedural* issue of the applicable burden of proof for his immunity proceeding (on which the court made no "ruling") was the issue he planned to appeal.

I do not accept the contention that Hicks' reservation of his right to appeal the court's ruling denying immunity somehow encompasses the issue of the proper burden of proof at the

---

[4] This is not an instance where the trial court stated explicitly that the burden of proof question was dispositive. *Cf. Mayers v. State*, 43 Fla. L. Weekly D2800 (Fla. 1st DCA Dec. 17, 2018) ("The trial court held that a defendant had the burden to prove immunity . . . and as such denied immunity to Petitioner. The trial court also held in the alternative that had the burden of proof been on the State, the State failed to meet its burden to show that Petitioner was not entitled to immunity.").

[5] When a court finds an issue appealed following a guilty plea nondispositive, the voluntariness of the plea may come into question. *See Milliron v. State*, 44 Fla. L. Weekly D1475, D1476 (Fla. 1st DCA June 7, 2019) (Winokur, J., concurring). Here, there is no doubt that Hicks did not rely on his ability to appeal the burden-of-proof issue when he entered his plea, because the burden-of-proof statute on which he sought relief on appeal did not exist at the time of the plea. There is no basis to conclude that the failure of this appeal would in any way render Hicks' plea involuntary.

6

immunity hearing. In this respect, the concept of issue preservation is helpful in determining whether an issue has been expressly reserved. An issue is not preserved for appellate review unless it is "the specific contention asserted as legal ground for the objection, exception, or motion below." *Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982). Applying this rule, an appellant has not preserved the issue of the proper burden of proof at a pretrial hearing when the appellant raised no objection to burden of proof below, but instead argued below that the order following the pretrial hearing was erroneous. This argument is not the "specific contention" asserted below. I believe this preservation analysis is appropriate to determine the scope of a reserved issue in the context presented here.[6]

The response to this contention seems to be that Hicks could not have foreseen the burden-of-proof issue, as the statute modifying it was enacted long after the immunity hearing. Because the burden of proof amendment is retroactive, Hicks argues he should be entitled to claim it as "expressly reserved" within the argument that the immunity finding was erroneous. I disagree, in part because I believe this formulation misconstrues the retroactivity of the burden-of-proof statute.

### 3. *Retroactivity – two separate types*

I conclude that the "retroactivity" of the burden-of-proof statute does not mean that it applies to a defendant in Hicks' position. An analysis of the different types of retroactivity explains why.

### A. *New rules of law that establish a fundamental constitutional right*

---

[6] To be clear, I do not suggest that Hicks is entitled to no relief because he failed to preserve the burden-of-proof issue. He is entitled to no relief because (among other reasons) he did not *reserve* the burden-of-proof issue in accordance with section 924.051(4) and Rule 9.140(b)(2)(A)(i). I merely suggest that preservation analysis helps to demonstrate that the issue is not reserved.

7

There are two different ways that a newly-adopted legal requirement is retroactive. The first is that the new rule of law establishes a fundamental constitutional right that has been held to apply retroactively. *See, e.g., Witt v. State*, 387 So. 2d 922, 925 (Fla. 1980). Any defendant is entitled to assert such a right, even if his conviction is final on direct appeal. *Id.* Even if the two-year limit for a motion for postconviction relief has passed, a defendant may receive the benefit of a case or law that impacts a fundamental constitutional right and is retroactive. *See* Fla. R. Crim. P. 3.850(b)(2) (providing that a defendant can seek postconviction relief more than two years from the date the conviction is final if "the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively"). An example of this type of retroactivity was the holding of *Graham v. Florida*, 560 U.S. 48 (2010). *See, e.g., Geter v. State*, 115 So. 3d 375, 384 (Fla. 3d DCA 2012) (stating that *Graham v. Florida* applies retroactively in part because it "categorically barred a type of sentencing after conviction for a particular type of crime"), *decision quashed on other grounds*, 177 So. 3d 1266 (Fla. 2015). Defendants whose sentences were impacted by *Graham* were entitled to relief, no matter how long their convictions had been final. *Id.*

B. *The substantive/procedural distinction*

The second type of retroactivity concerns the distinction between a substantive and a procedural amendment. If a new rule of law is substantive, it is not retroactive, and a party is not entitled to the benefit of the new rule unless it preceded the crime or cause of action. *See, e.g., Smiley v. State*, 966 So. 2d 330 (Fla. 2007). For example, suppose a person commits a crime on Day 1 and the crime requires the use of any weapon. On Day 10, the law changes so that crime now requires use of a firearm. The person's trial occurs on Day 20. In this case, the person is not entitled to the benefit of the new law and can be convicted even if he used a weapon in the crime that was not a firearm. The reason for this result is that the change in the law was substantive: the law at the time the crime was committed controls. *See id.* at 337 (holding that substantive change in self-defense law cannot apply to conduct occurring prior to the effective date of the amendment).

8

Suppose, on the other hand, that the new law (enacted on Day 10) changed the burden of proof for a pretrial proceeding. The pretrial proceeding is scheduled for Day 20. Because the new law is a procedural amendment,[7] the person *is* entitled to the new burden of proof at the pretrial proceeding. It is "retroactive" to the extent that the new law applies, *even if it was not enacted until after the person committed the crime. See, e.g., Grice v. State*, 967 So. 2d 957 (Fla. 1st DCA 2007) (holding that law governing the order of closing arguments was procedural and applied at trial even if the crime was committed before the effective date of the law).

But importantly, a person who has already been convicted following a Stand Your Ground Immunity hearing at the time the amendment is enacted is *not* entitled to reversal of the conviction on appeal. "Retroactivity" because a change is procedural only means that a defendant is entitled to the new procedure even if the amendment was enacted after the crime occurred, which is not true for substantive amendments. If the immunity hearing has already occurred, then there is no reason to reverse the conviction in order to provide the benefit of a new procedure.[8] To suggest

---

[7] In making this argument, I am presuming that the burden-of-proof change enacted in section 776.032(4) is procedural, because that is what this Court ruled in *Commander v. State*, 246 So. 3d 1303 (Fla. 1st DCA 2018). I am aware that the Florida Supreme Court is currently considering whether the amendment should be applied retroactively, as district courts have split on the question whether the amendment is procedural or substantive. *Love v. State*, No. SC18-747, 2018 WL 3147946 (Fla. June 26, 2018). I express no opinion on this question. However, as stated later in this opinion, my view is entirely consistent with the *Commander* conclusion that burden of proof is procedural.

[8] *See Shenfeld v. State*, 44 So. 3d 96, 101 (Fla. 2010) (holding that a procedural amendment concerning tolling of probation applied because it was enacted before the defendant's probation expired); *Kenz v. Miami-Dade Cty.*, 116 So. 3d 461, 463 (Fla. 3d DCA 2013) (holding that a new statute concerning burden of proof—enacted after the cause of action, but before trial—was procedural, retroactive, and applied to the case); *Thomas v. State*,

otherwise confuses "fundamental constitutional right" retroactivity with "procedural amendment" retroactivity.[9] Applying one type to the other situation misconstrues retroactivity analysis.

Under the analysis of retroactivity set forth above, Hicks is entitled to no relief. The amendment to section 776.032(4) was not enacted until long after Hicks' immunity hearing. He was no longer entitled to an immunity hearing, so he could not seek the benefit of a procedural rule that applies to such an immunity hearing.

For this reason, it is not unfair to impose the dispositiveness and express reservation requirements to deny Hicks the benefit of a retroactive statute because he would not have been entitled to the benefit of the new statute even if he had gone to trial. Once a defendant's right to a pretrial immunity hearing was gone (i.e., once the defendant has actually been convicted), such a defendant would not have been entitled to a new procedure for that pretrial hearing.[10]

---

662 So. 2d 1334, 1336 (Fla. 1st DCA 1995) (holding that a new procedural sentencing law was properly applied at a sentencing hearing that occurred just following the law's enactment). The procedural laws in these cases applied retroactively because the events the laws applied to—expiration of probation, trial, and sentencing—had not yet occurred.

[9] It is for this reason that I believe *Martin v. State*, 43 Fla. L. Weekly D1016 (Fla. 2d DCA May 4, 2018), was wrongly decided.

[10] Judge Roberts provides a separate but related reason why a defendant who has already been convicted at trial has no right to a new immunity hearing applying the new burden of proof if the conviction occurred prior to the new burden-of-proof statute. *Mency v. State*, 44 Fla. L. Weekly D1537 (Fla. 1st DCA June 12, 2019) (Roberts, J., concurring). Judge Roberts notes that a defendant convicted at trial had his self-defense immunity claim "fully and properly litigated" at trial, so a new immunity hearing is unnecessary and inappropriate, regardless of the burden of proof used at the immunity hearing. *Id.* at 1538. I agree.

In closing, I note that this position is consistent with *Commander v. State*, 246 So. 3d 1303 (Fla. 1st DCA 2018). In *Commander*, the amendment to section 776.032(4) became effective after Commander committed the alleged crime, but before his Stand Your Ground immunity hearing. Presuming the amendment is procedural, Commander was entitled to the new burden of proof for the immunity hearing, even though the law change occurred after he committed the alleged crime. This is simply not true for a defendant like Hicks, who had an immunity hearing and was convicted long before the statute was amended.

For these reasons, I agree with the decision to affirm Hicks' judgment and see no reason for this Court to consider the issue en banc.

MAKAR, J., dissenting from the denial of rehearing en banc.

In its recent unanimous decision in *Churchill v. State*, 219 So. 3d 14 (Fla. 2017), our supreme court established a bright-line test: an issue is dispositive for jurisdictional purposes in the district courts in a conditional plea case if "the State stipulates that an issue reserved for appeal is dispositive of the case." *Id.* at 17 (citing Fla. R. App. P. 9.140(b)(2)(A)(i), which says a defendant in such a case "may expressly reserve the right to appeal a prior dispositive order of the lower tribunal"). "In such circumstances, there is no need for the trial court *nor the appellate court* to determine whether a particular issue will end the case because the stipulation of dispositiveness establishes that the State cannot or will not continue with its prosecution if the defendant prevails on appeal." *Churchill*, 219 So. 3d at 17 (emphasis added).

The supreme court cleared the jurisprudential fog that had enveloped this Court for over thirty years by adopting the bright-line test and rejecting the alternative view that an appellate panel can second-guess a stipulation and decide on its own what's legally dispositive for jurisdictional purposes. *See generally Beermunder v. State*, 191 So. 3d 1000, 1001 (Fla. 1st DCA 2016) (analyzing the "[t]wo lines of inconsistent cases [that] have been cohabitating in our Court's jurisprudence since the mid–1980s, making the [jurisdictional] answer murky.") (Makar, J., concurring).

11

In this case, the State at the plea hearing affirmatively stipulated to dispositiveness, telling the trial judge unequivocally that the statutory immunity issue "obviously . . . would be dispositive." That ends the jurisdictional inquiry under *Churchill*'s bright-line test, such that the stipulation and plea agreement become "binding and cannot be defeated simply because it would be legally possible to continue to trial regardless of the outcome in the appellate court." 219 So. 3d at 18. Nonetheless, the panel majority in this case in effect stiff-arms *Churchill*'s holding, despite it lacking authority to parse or second-guess the clearly stated stipulation in these circumstances. This is not a case where the parties stipulate to a Fourth Amendment issue as dispositive and the defendant raises only an unrelated Eighth Amendment issues on appeal; it presents solely a run-of-the-mill Stand-Your-Ground immunity issue.

Because the panel majority has muddied the recently repristinated jurisdictional waters established by *Churchill*, we ought to have corrected its error via en banc review rather than leave it to the supreme court to do so via its conflict jurisdiction. Art. V, § 3(b)(3), Fla. Const. (providing for discretionary review where a decision of a district court of appeal "expressly and directly conflicts with a decision . . . of the supreme court on the same question of law.").

_____

Andy Thomas, Public Defender, and Greg Caracci, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Robert Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.